[Civ. No. 9117.   Third Dist.   Oct. 8, 1957.]

NELLIE LARGE et al., Respondents, v. A. R. WILLIAMS et al., Appellants.

Hansen, McCormick, Barstow & Sheppard, William H. Boone and R. A. McCormick for Appellants.

Robert K. Byers and Bruce M. Jacobs for Respondents.

VAN DYKE, P. J.—This is an appeal from the judgment entered upon a jury's verdict in a personal injury action brought by George Large for himself and as guardian ad litem of his minor son. George died during the pendency of the litigation and by stipulation and court order Nellie Large, mother of the minor and surviving wife of George, was substituted. The minor, Wayne, was injured when a large metal boiler frame, weighing between two and three hundred pounds, fell upon him.

Appellants Williams owned property on which they were conducting a motel consisting of a number of cabins. They also owned an open lot contiguous thereto and in the rear of the cabins. Wayne was 3 years of age. His parents were renting one of the motel units. At the time of the accident there were 12 or 14 children living in the motel cabins, most of them older than Wayne, their ages going up to 10 or 11 years. The children of the tenants generally played in the area behind the cabins and in this area appellants had deposited the metal frame which was made of welded 3-inch pipe and measured about 6½ feet x 3 feet x 5 feet. In the year preceding the accident appellants had moved the frame out of the shower and storage room of the motel and placed it in the rear of the cabins where it had remained until the day of the accident. It appears that a number of children, including Wayne, were playing with it as they had done before and in their play moved it about by turning it over. Whether it was actually on the motel premises or over on the adjoining lot was uncertain from the evidence, but at any rate while the children played with it it fell on Wayne and injured him. The evidence showed that appellants were chargeable with knowledge that the children of the tenants played in the area where the frame lay and that it resembled in appearance the metal frameworks often seen on play-

grounds. There was no testimony that appellants knew the children were actually playing with it in such a way as to move it about and turn it over.

The complaint as originally filed charged that the defendants negligently placed the framework in the rear of the motel and negligently allowed it to remain there until Wayne was injured; that defendants had, or were chargeable with, knowledge that it was unsafe, dangerous and attractive to children; that children of the tenants were accustomed to play about the premises to the knowledge of defendants; that Wayne was too young to appreciate the danger he incurred by playing near the framework and that his injuries were caused by the negligence of the defendants in carelessly leaving the framework accessible to children; that Wayne was damaged generally in the sum of $50,000; that plaintiff George Large through the defendants' negligence became obligated to pay "for doctors, medicines and medical treatments in a total amount presently unknown" and that he would ask leave to appropriately amend the complaint when the total sum could be ascertained. The complaint was never amended in that respect, but proof was made without objection of expenses incurred for the services of doctors, surgeons, for hospitalization and hospital care. Evidence was also introduced that, lacking money for the hire of special nurses at the hospital, Wayne's mother nursed and cared for him there and at her home; that in so doing she worked 24 hours a day. A series of operations and a series of hospitalization periods was made necessary by Wayne's injuries, with intermediate home care.

Appellants first maintain that there is a fatal variance between the proof and the allegations of the complaint. They refer to certain allegations that the defendants had negligently so placed the framework on the ground that slight application of force was liable to cause it to lose its position and equilibrium and tumble or fall to a new position and that at the time of the accident the framework did lose its equilibrium and fall upon Wayne while he and other children were playing upon and about it. Appellants say that the gravamen of plaintiffs' complaint, therefore, was that defendants themselves placed an inherent and unsafe instrumentality in such a position that when plaintiff played upon it or about it the apparatus lost balance and fell upon him. Appellants then assert the evidence was at variance with these specific allega-

tions and showed that appellants had removed the framework from its place of use in the laundry room and laid it flat on its side next to the back wall of the storeroom; that they never thereafter saw it or touched it until some time after the accident when it was found in the field immediately behind the cabin occupied by plaintiff and his family some 15 or 30 feet from where defendants had stored it. We think this is an unwarranted limitation of the cause of action stated. The pleading and the proof both show a right of recovery based upon negligence in allowing a dangerous instrumentality to lie about unsecured and unguarded where the tenants' children customarily played. ■ If, when the accident occurred, the framework was lying within the area of the motel premises, then the children of the tenants playing about it were invitees to whom appellants owed a legal duty in the capacity of invitors. If, on the other hand, it was then lying on the contiguous lot in the rear of the motel premises and in a technical sense the children were trespassing by going beyond the limits of the invitation, then there was sufficient pleading and sufficient proof to show they came within the scope of an exception to the rule that as to trespassers a possessor of land is not subject to liability for bodily harm caused by his failure to exercise reasonable care. (Rest., Law of Torts, § 333.) That exception is stated in this way:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

"(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

"(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein." (Rest., Law of Torts, § 339.)

The cause pleaded cannot be narrowed so that recovery could not be had except upon proof that the framework was

left in a position where it could be easily tipped over, nor is recovery prevented by the proof made that in depositing the framework on the ground appellants took care to place it in a position of its greatest stability, that is, on its side. Regarding the children either as invitees or as trespassers coming within the exception stated, the pleading was sufficient to admit evidence that the presence of the framework constituted a dangerous condition of the land of the appellants which proximately caused the injury to the child.

Appellants next challenge the sufficiency of the proof to show a breach of duty whether the minor plaintiff be considered a trespasser or an invitee. This contention cannot be sustained. Whether appellants knew or should have known that children were likely to be attracted to the framework, whether it was inherently dangerous to them if they played with it, whether appellants should have foreseen such an accident as occurred, whether appellants exercised due care under either the trespasser or the invitee theory were all questions of fact for the jury. (*Marino* v. *Valenti*, 118 Cal.App.2d 830, 850 [259 P.2d 84]; *Copfer* v. *Golden*, 135 Cal.App.2d 623, 629 [288 P.2d 90]; *Roberts* v. *Del Monte Properties Co.*, 111 Cal.App.2d 69, 74 [243 P.2d 914]; *Germann* v. *Huston*, 302 Ill.App. 38 [23 N.E.2d 371, 377]; *American Ry. Express Co.* v. *Crabtree*, 271 F. 287, 288.) In *Germann* v. *Huston*, *supra*, a rope which ran over a pulley on the fourth story of a building and on which children swung was held to be such a contrivance that a jury could find it was attractive to children and should have been so recognized by the person leaving it unguarded. In *American Ry. Express Co.* v. *Crabtree*, *supra*, the instrumentality held to be attractive and dangerous to children was an iron wheel 42 inches in diameter with a rim 10 inches wide and weighing about 200 pounds, which was left standing tilted against a loading platform at a railroad station where children were accustomed to play. Two boys moved it and left it standing on the rim. Later two little girls tried to roll it and it fell upon one.

Finally, appellants contend that the award of special damages in the amount of $4,623 is excessive. As before stated, damages suffered by the father of Wayne were pleaded by alleging that by reason of appellants' negligence the father had become obligated to pay ''for doctors, medicines and medical treatments in a total amount presently unknown.'' Although leave was asked to amend when the special damages

suffered by the father became known no such amendment was made. Without objection, evidence was offered of hospital charges totaling $1,668.46, surgical services totaling $1,355, drug bills totaling $81.07. The mother of the minor testified to her estimate that there had also been expended an additional $10 to $20 for drugs. Appellants, adding these items, arrive at a total of about $1,500 less than the amount of the jury's verdict of special damages. They say the judgment should be appropriately reduced. ■ The foregoing proof of special damages was not objected to, notwithstanding the fact that the complaint had not been amended, and so appellants are not in a position to complain of a lack of specific pleading of items of special damage. ■ Passing now to the $1,500, by which the award exceeds the above listed items of special damage, the record shows that the mother of the minor put in a large amount of time nursing and caring for Wayne and that this was necessitated through the inability of the family to provide for his professional nursing care. There was no objection made to the introduction of this testimony for want of special pleading, but appellants contend that had it been pleaded it would not have been recoverable. In this we think them to be in error. As stated in the Annotation to *Daniels* v. *Celeste,* 128 American Law Reports 682, at page 701:

"It is generally held that a parent seeking to recover the damages suffered by him because of an injury to his minor child may recover the reasonable value of the care or attendance rendered by him to the child as a result of the injury." (This included care rendered by members of the family. See cases cited in the Annotation.)

Under the circumstances shown by the record we hold that respondent, prosecuting the action brought by her now deceased husband, was entitled to recover the reasonable value of her special care of her son necessitated by the negligent conduct of appellants. But appellants further contend that there was no proof of the reasonable value of those services. It is true that no one testified as to such reasonable value, but on this record the jury were entitled to consider the nature of the services rendered by th minor's mother and drawn upon their own judgment and experience in determining the reasonable value thereof. (*Seedborg* v. *Lakewood Gardens Civic Assn.,* 105 Cal.App.2d 449, 454 [233 P.2d 943].) The award of $1,500 is little enough for the amount of nursing care which

the evidence showed totaled well over 1,000 hours.  The total award for special damages is supported by the evidence.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied October 30, 1957, and appellants' petition for a hearing by the Supreme Court was denied December 4, 1957.  Schauer, J., Spence, J., and McComb, J., were of the opinion that the petition should be granted.