[Civ. No. 19793. First Dist., Div. Three. Apr. 17, 1963.]

SAM BRADFORD, a Minor, etc., et al., Plaintiffs and Respondents, v. EUGENIA EDMANDS, Defendant and Appellant; KAY GHILARDI, Intervener and Respondent.

Hadsell, Murman & Bishop, Bishop, Murray & Barry and Michael J. Murray for Defendant and Appellant.

Vernon W. Humber and John C. Montgomery for Respondents.

No appearance for Intervener and Respondent.

DEVINE, J.—In this personal injury case, plaintiffs are Sam Bradford, a minor, by his guardian *ad litem* Kay Ghilardi (his mother), Werner A. Ghilardi, Kay's husband and stepfather of the boy, for both the boy and his stepfather were injured, and Kay Ghilardi in her own right, claiming the reasonable value of nursing care given to her son. The sole defendant is Eugenia Edmands.

The jury awarded plaintiff Bradford $25,700, and Kay Ghilardi $1,950. It found for defendant and against Werner A. Ghilardi. On motions for new trial the dispositions were: (1) motion for new trial of Bradford "granted upon the sole issue of measure of damages and upon the ground that the evidence is insufficient to justify the verdict. If upon appeal it is determined that the order contained in the foregoing sentence is erroneous, plaintiff's motion for new trial of this cause of action involving the plaintiff Sam Bradford is granted upon the ground of the insufficiency of the evidence to justify the verdict"; (2) plaintiff Kay Ghilardi's motion for new trial denied; (3) plaintiff Werner A. Ghilardi's motion for new trial granted on the ground of insufficiency of the evidence to justify the verdict.

### Scope of the Appeals and Appellant's Contentions

Defendant appeals (1) from the order granting new trial to Werner A. Ghilardi, upon the ground that as a matter of law Ghilardi was guilty of contributory negligence which proximately caused his injuries; (2) from the judgment in favor of Sam Bradford, upon the ground that as a matter of law the sole proximate cause of Bradford's injuries was negligence on the part of Ghilardi; (3) from the order granting

new trial to Sam Bradford on the sole issue of damages, upon the grounds (a) that the verdict in favor of Bradford is adequate as a matter of law, and (b) that it was an abuse of discretion to grant a motion for new trial as to damages only because the jury may have failed to give a decisive and uncompromised verdict as to liability; and (4) from the judgment in favor of Kay Ghilardi, upon the grounds (a) that the law does not allow recovery by a mother against a third person for nursing services rendered to her son, and (b) that there was no evidence to support the award. Appellant asks this court to reverse the judgment in favor of Sam Bradford, or if this is not done, that the order granting him a new trial be reversed, or if this is not done, that the new trial be on all issues, not on damages only.

### Facts of the Accident

On August 25, 1958, shortly past 10 at night, Werner Ghilardi was driving westward on the Livermore-Pleasanton highway, a two-lane road, the lanes of which were about 10 feet wide, and beyond which were shoulders of 3 to 6 feet. A semitruck and two trailers were coming easterly. Appellant, going westward, commenced to pass the Ghilardi car, hesitated, and then proceeded. The truck driver pulled off the road onto the shoulder in order, he testified, to avoid a head-on collision with appellant's car, and Ghilardi pulled off on his side at about the same moment, according to the truck driver and a witness, Mrs. Godfrey, who had been driving an automobile back of Ghilardi's. Ghilardi testified he pulled off the road because if appellant stayed in her lane there would be a major collision. Ghilardi testified he rode the shoulder a short distance, saw a telephone pole in front of him and turned back to the road, and lost control of the car which started "spinning out." The car crossed the road and struck the truck, which was on the opposite shoulder, and the truck in turn went out of control, crossed the road and struck Mrs. Godfrey's car. There is dispute as to whether appellant's car was straddling the center line of the narrow road, as Ghilardi testified, or was wholly on its left side of the road, as appellant testified. Appellant's car, after passing Ghilardi, returned to the right side and went on its way without striking anything, but appellant's daughter said, "Mother, the truck," and appellant, looking in the rearview mirror, saw that the truck, now stopped, had crossed the road. She told her husband this, upon her arrival home, and both went to

the scene, where Ghilardi and Bradford were lying in the road. Appellant told a highway patrol officer that the truck had not seemed too close until she pulled out, and that she felt that she must have been responsible because the truck was too close and had to pull off onto the shoulder.

## Bradford's Injuries

Because of the presumption, stated below, in favor of the orders made by the court, it is unnecessary to state the evidence which favors the defense on this subject. ██ The evidence most advantageous to plaintiff's case is this: that he was thrown from the vehicle and was rendered unconscious; he had a fractured shoulder but there is no residual injury thereof; he suffered a brain contusion and a basal skull fracture; there is evidence of atrophy of the left hemisphere of the brain where the contusion occurred; his intelligence quotient has diminished (in the opinion of a neurosurgeon appointed by the court, the diminution was because of the accident); he is subject to fatigue, has difficulty concentrating, has a speech problem, and has poor coordination; the neurosurgeon who attended him testified that his fatiguability and his confusion when he becomes fatigued might cause his employment in the future to be limited to that of simple labor. Itemized special damages for Bradford were $2,968.59, and there were other expenses of about $400. Thus the verdict for general damages for Bradford was about $22,300.

### Facts Relating to Services Performed by Kay Ghilardi

██ Mrs. Ghilardi, mother of Sam Bradford, filed a complaint in intervention in which, after alleging negligence of defendant in substantially the same terms as was done by the original plaintiffs, she alleges that she had been profitably employed before the accident, and that she had been unable to attend to her usual occupation (nursing) because of the necessity of her rendering services in the care and treatment of her husband and her son, and thereby was caused a monetary loss because of the accident. By the pretrial conference order, the theory of plaintiff in intervention was changed somewhat to constitute a cause of action for services rendered to the minor son, Sam Bradford, and nothing was claimed for loss of income, as such, and nothing was claimed for nursing services rendered to the husband.

The evidence shows that a considerable amount of nursing care was given by the wife to the husband because his jaws were wired together and feeding was a difficult task; but

there is almost nothing in the evidence relating to nursing care given to the son, a fact which seems to be recognized by counsel for respondents in his brief, wherein he says that the jury "could infer" that Mrs. Ghilardi spent a great deal of time caring for her son. This is not the sort of thing which is usually the subject of inference, because direct evidence would be so readily available. We have scanned the pages of the transcript to which respondents' counsel refers us, and all that we can find about nursing services rendered to the son is that for about a week after he came from the hospital he had to be fed. There was testimony about the difficulty of the son in walking "without help," but nothing about the role played by the mother. There was testimony that she helped him with his homework and learned a good deal of history for herself in the process. The jury awarded her an amount almost exactly equal to her income for a half year.

It may be pointed out at this time (the relevancy is, in part, to the limited new trial of Bradford's case), that the court instructed the jury that "A parent is entitled to recovery for the reasonable value of the parent's care or attention which he, himself, or herself, may have rendered to his child as a result of the injuries received from an accident proximately caused by the negligence of another."

### The Order Granting New Trial

In the order granting new trial to Ghilardi, and limited new trial to Bradford, the judge gave his reasoning at some length, which in the main was that defendant's negligence was the proximate cause of the accident, and that Ghilardi in turning off the road, as the truck driver on the other side did, was acting in response to imminent peril and that the jury had not attended sufficiently to the instruction on imminent peril, and that the court may have failed to instruct adequately upon the rule. The judge also referred to another personal injury case arising from the same accident, in which the truck driver and the driver of a vehicle which had been following Ghilardi had been awarded damages against Mrs. Edmands.

The judge remarked upon the conflicting evidence on the injuries, and in particular the brain damage of Sam Bradford, and stated that the extent of injuries is still a matter of a great deal of conjecture and surmise under the testimony before the court, and that an accurate appraisal of the damages cannot be made within less than two years from the date of the order; but also referred to the propriety of retrying a

case on the issue of damages when the verdict is too great or too small to effect justice.

### The Order Granting Ghilardi's Motion for New Trial

■ In passing upon a motion for a new trial based upon the insufficiency of the evidence, it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of testimony, and weigh the evidence. (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689]; *Jensen* v. *Western Pioneer Ins. Co.,* 151 Cal.App.2d 570, 573 [312 P.2d 285].) ■ It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court. (*Jensen* v. *Western Pioneer Ins. Co., supra,* at p. 573.) ■ It is plain in this case from the fact that the jury found verdicts in favor of Bradford and Kay Ghilardi, that negligence on the part of defendant was found. The jury no doubt concluded that Werner Ghilardi was guilty of contributory negligence. It is quite impossible for us to say that he was so guilty, as a matter of law, and that therefore the judge abused his discretion in granting the motion for new trial. Appellant argues that the truck having been forced off the other side of the road, it was unnecessary for Ghilardi to leave the road on his side, and that in doing so he was negligent as a matter of law. There was testimony that both vehicles left almost simultaneously, because of the action of the defendant, and the determination is so plainly one for the jury in the first instance, and for the trial judge in the second, that further comment need not be made.

### Judgment in Favor of Bradford; Order Granting New Trial to Bradford

The appeal from the judgment in favor of Bradford, on the ground that as a matter of law the sole proximate cause of Bradford's injuries was negligence on the part of Ghilardi, is devoid of substance. ■ As to the contention that the order granting motion for new trial on the issue of damages was an abuse of discretion, because the verdict was adequate as a matter of law, we refer to the principle that our power to review the granting of such a motion is subject to the same limitations applicable to any other order based on the ground of insufficiency of the evidence. (*Spencer* v. *Young,* 194 Cal.App.2d 252 [14 Cal.Rptr. 742]; *Patterson* v. *Rowe,* 113 Cal.App.2d 119, 122 [247 P.2d 949].) Considering the injuries in this case, we cannot say that the

award was adequate as a matter of law. ■ Turning to the subject of the granting of the limited new trial on the issue of damages only, we meet again with the principle that the decision on limiting the new trial appropriately rests in the discretion of the trial judge. It is presumed that in passing upon the motion he has weighed the evidence and the possibility of prejudice to the defendant. His decision will not be reversed on appeal unless an abuse of discretion is shown. (*Leipert* v. *Honold,* 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185].)

■ We do not find any such abuse of discretion in this case. ■ Although it is true, as appellant argues, that the trial court should consider a request for a limited new trial with caution, on appeal we must assume, until appellant shows us otherwise, that such caution was used. Appellant suggests that the verdict may have been the result of compromise. ■ When, however, the verdict allows a substantial, even though inadequate, amount for general damages, it can reasonably be concluded that the jury's error related solely to the damages issue. (*Hughes* v. *Schwartz,* 51 Cal.App.2d 362, 368 [124 P.2d 886] ; *McNear* v. *Pacific Greyhound Lines,* 63 Cal. App.2d 11, 16 [146 P.2d 34].) ■ We doubt that the amount of $22,300 for general damages awarded here would be regarded as other than substantial, and, therefore, there is no indication that it was the result of compromise.

■ Moreover, the jury unanimously awarded a verdict in favor of Mrs. Ghilardi under an instruction which allowed such an award only if such negligence of defendant had proximately caused her to render the services to her injured son. As to her claim, contributory negligence would not apply, and it would not apply as to the case of Sam Bradford. The issue of contributory negligence, however, did relate to the cause of Werner Ghilardi. It may readily be deduced that the jury found against Werner Ghilardi on the ground of contributory negligence, but found in favor of the other two plaintiffs because of the negligence of defendant. It is evident, therefore, that the jury found as a matter of deliberate conclusion, and not of compromise, that plaintiff Sam Bradford was entitled to judgment against defendant. This issue need not be tried again, and the trial court was well within its discretion in limiting the new trial.

*Judgment in Favor of Kay Ghilardi*

It is argued by appellant that the mother has a duty to

protect, nurture and educate her child, and that therefore she is not entitled to recover for care rendered him while he is injured. It has been held, however, that nursing care by a mother is recoverable (*Large* v. *Williams,* 154 Cal.App.2d 315, 320 [315 P.2d 919]), a rule which seems to have been accepted in the relatively few cases on the subject, which have been collected in 128 American Law Reports 682, 701. In the case before us, the mother was a professional nurse. We see no reason why appellant should be entitled to have the mother's nursing services, made necessary by appellant's negligence, rendered without compensation. We think the instruction that was given on this subject, however, is somewhat too broad. █ Care and attendance of a son is a maternal duty and only the special care necessitated by the accident should be the subject of compensation. We shall not attempt to state the exact form of an instruction, because, as explained in the next paragraph, the evidence before us is exiguous, and upon retrial may be much enlarged.

█ The evidence on the subject of care given to the son is so small and so indefinite, being mixed with the evidence relating to care given to the husband, that the judgment based upon it cannot stand. It is true that the reasonable value may be determined by the jury (*Large* v. *Williams, supra; Seedborg* v. *Lakewood Gardens Civic Assn.,* 105 Cal.App.2d 449, 454 [233 P.2d 943]), but this rule would be applicable only if a fair description of the amount and quality of the services had been presented to the jury. We find no description of the time involved. The award of a half year's income was not based upon substantial evidence.

*Reasons Given in the Order Granting Motions for New Trial*

█ Appellant argues against the soundness of some of the reasons, given above, which the court stated in the order granting the motions for new trial. Whether the subsidiary reasons offered by the judge are valid or not, we need not consider, because a ground stated by the statute, insufficiency of the evidence to support the verdicts (Code Civ. Proc., § 657, subd. 6), is specifically set forth in the order. Additional reasoning does not impeach the order. (*Yarrow* v. *State of California,* 53 Cal.2d 427, 438-439 [2 Cal.Rptr. 137, 348 P.2d 687].)

Order granting new trial to Werner A. Ghilardi affirmed. Judgment in favor of plaintiff Sam Bradford affirmed. Order granting new trial to Sam Bradford on the sole issue of damages affirmed. Judgment in favor of Kay Ghilardi reversed,

and her cause is remanded for new trial as to damages only. Pursuant to rule 26(a), California Rules of Court,* we deem it proper in the interests of justice to award respondents one half of their costs on appeal, and it is so ordered, and by reason of this adjustment to deny any award of costs to appellant.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied May 13, 1963.