Edward- M. ¡O’Gorman, J.
The plaintiff has served a complaint which alleges a cause of action for damages arising out of the alleged negligent use of a motor vehicle owned by the defendant Linda Twyman and operated by the defendant Robert Twyman. The complaint (paragraph “ 6 ”) alleges that as a result -of the defendants ’ negligence, ihe plaintiff has sustained “ serious personal injuries In paragraph “ 9 ”, the complaint alleges that the plaintiff suffered “ great bodily'injury
The defendants now move for ian order, pursuant to lOPLR 3211 (subd. i[a], par. 7) dismissing this cause of action. The motion presents one of the first questions to be raised under the Comprehensive Automobile Insurance Reparations Act (L. 1973, ch. 13; Insurance Law, § 670 et seq.) which took effect on February 1,1974.
*45 The defendants contend that the complaint is defective because plaintiff has failed to comply with the requirements of section 673 of the Insurance Law.
Section 673 provides in pertinent part as follows: “ 1. Notwithstanding any other law, in any action by or on behalf of a covered person iagainst another covered person for personal injuries arising out ¡of negligence in tile use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.”
“■Basic economic loss ” is defined in detail in 'Subdivision 1 of section 671 and includes medical and similar expenses and loss of earnings up to $50,000 per person.
“ Serious injury” is defined in subdivision 4 of section 671 as follows: “ ‘ Serious injury’ means a personal injury: '(a) which results in death; dismemberment; .significant disfigurement ; a compound or comminuted fracture; or permanent loss of .use of a body organ, member, function, or system; or (b) if the reasonable and customary charges for medical, hospital, •surgical, nursing, dental, .ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars.”
The court is of the opinion that, in view of the limitations now placed upon the right to recover in an 'action arising out of negligence in the use or operation of a motor vehicle in this State, the plaintiff should ibe required to allege in the complaint those facts which exempt him from the limitations contained in section 673. This he has not done.
The motion to dismiss the first cause of action in the complaint will be granted, with leave to the plaintiff to replead said cause of action in the event that the extent of his. injuries or the amount of his medical .expense is such as to qualify him to bring the action.
In this connection, the court should call attention to a recent amendment (L. 1974, ch. 575) to CPLR 3016, which adds a new subdivision (“ g ”) which provides as follows: “ Personal injury. In an action designated in subdivision one of ¡section six hundred seventy-three of the insurance law, for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, the complaint shall .state that the plaintiff has sustained a serious injury, as defined in subdivision four of section six hundred seventy-one of the insurance law, or economic loss greater than basic economic loss, as defined in subdivision one of ¡section six hundred seventy-one of the insurance law.”
*46 Any ¡subsequent complaint should conform to ¡the foregoing section.