Richard N. Donovan, J.
Plaintiff has brought this negligence action claiming he was a pedestrian and was injured when struck by the defendant’s automobile on June 6, 1974. His complaint alleges medical expense and estimated medical expense totaling $1,370. In response to the defendant’s demand, plaintiff furnished a bill of particulars dated November 20, 1974, showing medical expenditures of $211 and stated that additional and continuing medical treatment would be required in the future because of the injuries sustained in the accident.
The defendant has moved to dismiss the complaint for failure to state a cause of action and claims the court is without jurisdiction because of the provisions of "Comprehensive Automobile Insurance Reparations Act” (Insurance Law, art. XVIII) which became effective February 1, 1974. The parties recognize the right of the plaintiff to bring an action if, and only if, reasonable and customary services for medical, hospital, et cetera, services are necessarily performed as the result of the injury and the cost "would exceed $500.00”.
The defendant cites Monahan v Twyman (79 Misc 2d 44) to substantiate his position. The complaint in this action alleges an exception to the so-called "No-Fault” law and meets the requirements of CPLR 3016. Therefore, the question for this court’s determination is whether or not the plaintiff can bring the action when he anticipates the expenditure of $500 or more for medical care and services or whether the institution of that action must be delayed until the $500 has actually been spent and obligated.
One of the reasons given for the passage of the "No-Fault” law was to eliminate delays in payment of just compensation to injured parties. Forcing the plaintiff to wait until he has paid or is obligated to pay $500 or more for medical care and treatment results in an unnecessary delay. Such a delay does not benefit either the plaintiff or the defendant since all parties are interested in speedy disposition of the action and, if a trial is necessary, are desirous that their witnesses be available and their memories unaffected by the passage of *1051 time. It would be unfair to delay payment to the plaintiff beyond the time normally consumed with service of complaints, answers, demands for and filing of bills of particulars, discovery proceedings, examinations before trial, medical examinations, et cetera.
The trial court at pretrial or during the trial has always been able to dispose of actions which are jurisdictionally defective or lack merit. Should a plaintiff improperly bring an action, he not only subjects himself to the payment of court costs but quite possibly delays obtaining benefits from other sources.
Although the statute does not specifically answer the question, it does state (Insurance Law, § 671, subd. 4) "or * * * if the reasonable and customary services for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drugs and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars.” It must be assumed the Legislature intended to use the future tense rather than the past tense when it referred to "would exceed five hundred dollars.”
Defendant’s motion is denied, without costs.