(604 P.2d 1212)

No. 50,256

BRIAN KEY, *Appellant, Cross-Appellee,* v. JOHN CLEGG, *Appellee, Cross-Appellant.*

Petition for review denied March 7, 1980.

Opinion filed January 11, 1980.

*Rex A. Lafferty,* of Fredonia, for appellant.

*Charles F. Forsyth,* of Erie, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is an appeal by the plaintiff, Brian Key, from the trial court's post-trial order that reduced the damages for personal injuries awarded to him by the jury at his trial.

The jury found that plaintiff was injured in an automobile accident. It apportioned fault 90 percent to the defendant and 10 percent to the plaintiff and awarded damages as follows: loss of wages, $12,500; automobile, $400; medical expenses, $1,000; and pain and suffering, $3,500. The jury further determined that plaintiff did not suffer "permanent injury within a reasonable medical probability."

The trial judge reduced the judgment by $3,500 for the stated reason that the plaintiff had not met the threshold requirements of K.S.A. 1978 Supp. 40-3117. He further reduced the judgment for lost wages from $12,500 to $8,030.78, apparently on the basis that plaintiff was limited to the amount claimed by plaintiff at the pretrial conference; and reduced the judgment for medical expenses from $1,000 to $491.08, the sum of the medical bills introduced into evidence at trial. The total damages were then reduced by 10 percent by reason of comparative negligence. The degree of fault of the parties was determined at trial, and neither one appeals from that determination. Plaintiff does appeal from the reductions and defendant, John Clegg, cross-appeals, contending that plaintiff can recover in this action only for the damage to his automobile, and that all other damages such as medical bills and lost wages must be paid by plaintiff's personal injury protection benefits provided under his own policy.

1. Loss of Wages.

A pretrial conference was held on March 9, 1978. The parties have furnished this Court with one page of the transcript and a very abbreviated pretrial order that appears to have been prepared by the court but was not approved by counsel. The pretrial order gives no indication of what plaintiff claimed as damages. The partial transcript of the pretrial does indicate that plaintiff claimed $8,032 for lost wages and $702.78 medical expenses. The plaintiff moved at trial to amend his petition to conform to the proof on the question of loss of wages, and the court permitted plaintiff to do so. The trial judge appears to have overlooked the fact that he had permitted the amendment. In addition, the judge's comments and counsel's argument at trial suggest their belief that plaintiff was not entitled to damages for lost wages other than those that accrued within one year of the accident on the theory that any further lost wages would be permanent injury and not recoverable since the threshold had not been met. We are of the opinion the trial judge erred in reducing the award for lost wages.

The trial judge has authority to allow the pleadings, including a pretrial order, to be amended to conform to the evidence pursuant to K.S.A. 60-215(*b*). The issues raised and the facts and reasoning in *Thurman v. Cundiff*, 2 Kan. App. 2d 406, 580 P.2d 893 (1978), are apropos to this case. There the Court stated at 413-14:

"Defendants next contend the allowance of the amendment constituted an arbitrary abuse of discretion by the trial court. K.S.A. 60-215 governs the amendment of pleadings and provides that leave to amend be freely given when justice so requires. Amendments after the commencement of trial are within the discretionary powers of the trial court; the allowance or denial of an amendment will not constitute grounds for reversal unless it affirmatively appears that the substantial rights of the adverse party were affected by the trial court's ruling, and, further, that the ruling was a clear abuse of discretion. *Garcia v. Southwestern Bell Tel. Co.*, 216 Kan. 591, 533 P.2d 1242 (1975); *Hass v. Preferred Risk Mutual Ins. Co.*, 214 Kan. 747, 522 P.2d 438 (1974); *Commercial Credit Corporation v. Harris*, 212 Kan. 310, 510 P.2d 1322 (1973). The trial court is given wide latitude and discretion in permitting or refusing amendments of pleadings in the interest of justice. *Hoover Equipment Co. v. Smith*, 198 Kan. 127, 422 P.2d 914 (1967). We recognize such discretion is not unbridled. *Walker v. Fleming Motor Co.*, 195 Kan. 328, 330-331, 404 P.2d 929 (1965). As a general rule, however, amendments to pleadings are favored in law and shall be allowed liberally in the furtherance of justice to the end that every case may be presented on its real facts and determined on its merits. *Walker v. Fleming Motor Co.*, supra, p. 330. Trial courts are given broad discretionary powers concerning the amendment of pleadings, before or

after judgment, when the amendment does not change substantially the claim or defense. *Collins v. City Cabs Inc.,* 192 Kan. 394, 396, 388 P.2d 597 (1964).

"In the present case, the claim was for damages for false arrest. The claim was not changed by the amendment—only the amount sought. *Collins v. City Cabs Inc.,* supra, p. 396. Although the trial court's reasons for allowing the amendment are less than crystal-clear, we find implicit in the court's action a finding that the evidence did support an award in excess of $10,000.

"We are unable to conclude that the trial court abused its discretion in this case. However, we believe the allowance of an increase of a prayer for monetary recovery after all the evidence is in is not good practice where nothing has developed during trial demonstrating plaintiff's actual damage to be other than that known to him at the commencement of trial. The defendants have failed to show they were substantially prejudiced. Although defendants say they would have tried the case differently if the compensatory damages claim had been for $50,000 from the outset, we perceive no demonstration of how the defense of the case would otherwise have been conducted."

In the case at bar, the amendment did not change plaintiff's claim, only the amount sought, and even then in an insignificant amount. Defendant was not prejudiced in his defense of plaintiff's claim, and therefore to allow the amendment was not error. See *Phillips & Easton Supply Co., Inc. v. Eleanor International, Inc.,* 212 Kan. 730, 738, 512 P.2d 379 (1973).

K.S.A. 1978 Supp. 40-3101 *et seq.,* does not preclude a plaintiff from recovering actual expenses and pecuniary loss, including both past and future loss of wages, in an action against an owner, operator or occupant of a motor vehicle or against any person legally responsible for the acts or omissions of such owner, operator or occupant, even when the threshold provisions of 1978 Supp. 40-3117 have not been met. *Mayer v. Harris,* 224 Kan. 231, 579 P.2d 715 (1978).

The trial court emphasized that the jury had specifically found that the plaintiff did not suffer permanent injury. In reducing the verdict for lost wages, the issue of permanent injury is irrelevant when pecuniary loss is involved. Moreover, the one-year limitation on disability benefits found in 1978 Supp. 40-3103(*b*) applies only to personal injury protection (PIP) benefits paid by an insurer to its insured; it does not limit the amount of recovery in a lawsuit brought against another party any more than do the other ceilings on PIP benefits found in 1978 Supp. 40-3103(*k*) and (*l*). In short, *any* damages that could be recovered in a normal personal injury action, including future lost wages, may be recovered in a lawsuit arising out of an automobile collision that is governed by no-fault provisions *except* for damages relating to

pain, suffering, mental anguish, inconvenience and other non-pecuniary losses which are not recoverable *unless* the monetary threshold or specific injury requirements of 1978 Supp. 40-3117 are met. The record before us contains sufficient competent evidence from which a jury could properly award damages for lost wages in the amount of $12,500, and the trial judge erred in reducing the jury verdict for loss of wages.

2. Medical Expenses and Pain and Suffering.

The trial judge reduced medical expenses awarded by the jury from $1,000 to $491.08 on the theory the plaintiff had proven only $491.08 in accrued medical expenses as of the date of trial and, having failed to prove medical expenses of $500 or more, he could not recover future medical expenses. For the same reasons plaintiff was entitled to recover for future lost earnings, he is entitled to recover future medical expenses. There is sufficient evidence in the record to support the jury verdict of $1,000 medical expenses in that Dr. Prostic testified to that exact figure. The trial court erred in reducing the award for medical damages.

A far different question arises as to the jury award of $3,500 for pain and suffering, a non-pecuniary loss. The trial judge struck the $3,500 jury award for pain and suffering for failure to meet the threshold requirements of 1978 Supp. 40-3117, which provides:

"In any action for tort brought against the owner, operator or occupant of a motor vehicle or against any person legally responsible for the acts or omissions of such owner, operator or occupant, a plaintiff may recover damages in tort for pain, suffering, mental anguish, inconvenience and other non-pecuniary loss because of injury only in the event the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more, or the injury consists in whole or in part of permanent disfigurement, a fracture to a weight-bearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of a bodily function or death. Any person who is entitled to receive free medical and surgical benefits shall be deemed in compliance with the requirements of this section upon a showing that the medical treatment received has an equivalent value of at least five hundred dollars ($500). Any person receiving ordinary and necessary services, normally performed by a nurse, from a relative or a member of his household shall be entitled to include the reasonable value of such services in meeting the requirements of this section. For the purpose of this section, the charges actually made for medical treatment expenses shall not be conclusive as to their reasonable value. Evidence that the reasonable value thereof was an amount different than the amount actually charged shall be admissible in all actions to which this subsection applies."

The statute sets out two ways by which the no-fault threshold

may be crossed: (1) suffer injury as defined in the statute; or (2) have the injury require medical treatment with a reasonable value of $500 or more. In the case at bar, the first alternative has been removed by the jury's specific finding of no permanent injury, which leaves only the $500 medical expense avenue open for plaintiff to meet the statutory requirements.

The first question is whether the monetary threshold applies to accrued medical expenses or to combined accrued and future medical expenses. Kansas case law is silent on this question. The language of 1978 Supp. 40-3117 provides in pertinent part: "[A] plaintiff may recover damages in tort for pain [and] suffering . . . only in the event the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more." The definition of medical benefits in 1978 Supp. 40-3103(*k*) is in relevant part: "[A]llowances for all reasonable expenses . . . for necessary health care *rendered* by practitioners." (Emphasis supplied.) Defendant argues that the use of the past tense "rendered" indicates the five-hundred-dollar obligation for medical treatment must have *already accrued* to meet the definition and consequently satisfy 1978 Supp. 40-3117. This type of argument relating to statutory construction was presented in *Parry v. Scott,* 80 Misc. 2d 1049, 364 N.Y.S.2d 695 (1975), where a New York Supreme Court held that the plaintiff in a New York no-fault case could bring an action when he *anticipated* the expenditure of five hundred dollars or more for medical care, and it was not necessary that the institution of the action be delayed until the five hundred dollars had actually been spent or obligated because the New York threshold statute reads, *"would* exceed five hundred dollars." Applying a similar argument to the Kansas statute, it appears the use of the past tense indicates a legislative intent to use only accrued expenses.

Further support for not including future medical expenses within the threshold amount is found in *Cappadona v. Eckelmann,* 159 N. J. Super. 352, 388 A.2d 239 (1978). There, the New Jersey court held that the accrual date for plaintiff's tort action is not affected by the state's statutory no-fault threshold provisions. In discussing the issue, the New Jersey court wrote at 356-57:

"We do not discern in N.J.S.A. 39:6A-8 any suggestion that the Legislature intended the limited tort exemption therein provided to affect the normal rules for

determining when a tort claim accrues. Indeed, the exemption is described as an exemption from liability, not from suit. No legal impediment precludes the filing of a complaint in tort on the day following the injury-producing accident. See *Parry v. Scott,* 80 Misc. 2d 1049, 364 N.Y.S.2d 695 (Sup. Ct. 1975). True, a defendant so sued for damages resulting from the kind of injury to which the monetary threshold applies may obtain a dismissal if the threshold is not met by the time of trial. But a complaint filed before $200 in treatment of soft tissue injuries is expended, is nonetheless a valid complaint, subject, however, to dismissal before or at trial for failure to comply with the threshold requirements.

". . . So in the cases subject to N.J.S.A. 39:6A-8, although uncertain that the threshold requirement will be met, a claimant may nonetheless file a complaint in tort realizing, however, that *the claim may prove to be not actionable in the event cost of treatment fails to equal the threshold amount, at least by time of trial.* A motion to dismiss a complaint so filed during a period in which treatment is continuing or where further treatment is anticipated should not be granted at that point, but either denied without prejudice or held until it is known whether the threshold amount will be realized, perhaps not until trial date." (Emphasis supplied.)

We have by implication adopted that line of reasoning in *Dinesen v. Towle,* 3 Kan. App. 2d 505, 597 P.2d 264, *rev. denied* 226 Kan. 792 (1979). Without restating the well-settled rules of statutory construction, when the applicable rules are applied we are convinced it was the legislature's intent when it drafted 1978 Supp. 40-3117 that the monetary threshold must be met not later than the date of trial or the date the cause of action is barred by the statute of limitations, whichever first occurs. Here the trial took place well within two years of the date the accident occurred; thus the crucial question becomes, did the plaintiff have accrued medical expenses of $500 or more on the date of trial?

There is no dispute that the plaintiff proved reasonable medical expenses as of the date of trial of $491.08. What is in dispute is whether or not plaintiff proved that his mother provided ordinary and necessary services normally performed by a nurse so as to entitle plaintiff to include the reasonable value of such services to meet the monetary threshold requirements of 1978 Supp. 40-3117.

The facts are simple and not in dispute. Plaintiff received a blow to his head in the accident and his doctor instructed his mother to awaken him every hour during the remainder of the night and see that he responded, and if he failed to respond she was to return him to the hospital. His mother sat up all night to perform that duty and to also follow the doctor's instructions to

give him medicine for pain every two hours and a muscle relaxant every four hours for the remainder of the night and the following day. In addition, at various times she purchased Ben-Gay and Icy Hot for plaintiff, and gave him rubdowns twice a day for approximately six months, then once a day for a similar period. Given the specific statutory language in 1978 Supp. 40-3117 that allows for consideration of services that are normally performed by a nurse but instead are performed by a relative, and given the fact that the treating physician actually *prescribed* the massage treatment, it unquestionably would have been proper for the jury to have included in the cumulation of medical expenses the reasonable value of such services and the cost of the ointments to determine whether a $500 threshold was met. There was, however, no such evidence of value introduced into the record. This lack of evidence raises a question of whether the jury, relying on its own judgment and experience, was entitled to consider the nature and extent of the services rendered to determine that they had a value in excess of $8.92. In fact, the jury had not been instructed and did not know that a threshold was required and that it was entitled to consider the mother's services in meeting the threshold. Neither party requested that the jury be so instructed.

We are not concerned with whether the evidence was sufficient to support a jury verdict for damages that included a sum for the mother's services in caring for her son. It is not mandatory that the services be recoverable as damages for the plaintiff to include the reasonable value of them in order to meet the monetary threshold requirement. Plaintiff was not required to prove accrued recoverable damages of $500 or more; he was only required to prove that he had received medical treatment with a value of at least $500 of the nature set forth in 1978 Supp. 40-3103(k) and 1978 Supp. 40-3117. The evidence in this case is unchallenged that qualified medical expenses of $491.08 had accrued on the date of trial. In addition, there is unchallenged evidence that the plaintiff's mother spent an entire night and one day caring for the plaintiff, waking him each hour and giving him medicine. She also purchased ointment and gave him in excess of five hundred back rubs over a one-year period. Evidence of these services are such that a judge or jury, or anyone else considering them, would necessarily conclude from common knowledge that they had a

value far in excess of the $8.92 necessary to meet the monetary threshold requirements. While a plaintiff runs a great risk by not proving by direct evidence the reasonable value of medical services of this nature, we conclude in this case, based on the record before us, that when the monetary amount required to meet the threshold requirement is so minimal and the services proven to have been performed are so extensive, it flies in the face of reality to say that the plaintiff has failed to meet his burden of proving he received medical treatment of the value of $500 or more. We are of the opinion the trial court erred in reducing the judgment by the amount awarded for pain and suffering.

Other courts have reached similar results under the more stringent requirements of proving recoverable damages. In *Feeney v. L.I.R.R. Co.,* 116 N.Y. 375, 22 N.E. 402 (1889), a jury was allowed to include a nominal sum for medical expenses when the nature and extent of the services were proven, even though there was no evidence of the value of the services.

California has held that when the nature and extent of services are in evidence the jurors may draw upon their own judgment and experience in determining the reasonable value of the services. *Seedborg v. Lakewood Gardens etc. Assn.,* 105 Cal. App. 2d 449, 233 P.2d 943 (1951). That rule is applicable to the reasonable value of services furnished by a member of the household if a fair description of the amount and quality of the services is introduced into evidence. *Bradford v. Edmands,* 215 Cal. App. 2d 159, 168, 30 Cal. Rptr. 185 (1963). See also *Large v. Williams,* 154 Cal. App. 2d 315, 320, 315 P.2d 919 (1957).

3. Cross-appeal.

Most of the issues raised by defendant by cross-appeal have been answered in this opinion; however, we are without jurisdiction to determine the issues he attempts to raise because he failed to file a timely notice of cross-appeal. K.S.A. 60-2103(*h*) provides:

"When notice of appeal has been served in a case and the appellee desires to have a review of rulings and decisions of which he or she complains, the appellee shall within twenty (20) days after the notice of appeal has been served upon him or her and filed with the clerk of the trial court, give notice of his or her cross-appeal."

Plaintiff's notice of appeal was filed in the district court on June 19, 1978, and an attached certificate of service shows that a copy

was mailed to defendant on the same day. Defendant's July 21, 1978, filing of a notice of cross-appeal fell beyond the allowable twenty-day time limit in the statute. As a result, this Court is precluded from reviewing the trial court's rulings complained of in the cross-appeal. *Vaughn v. Murray,* 214 Kan. 456, Syl. ¶ 5, 521 P.2d 262 (1974).

The judgment is reversed and remanded with directions to enter judgment for the plaintiff in conformance with this opinion.