(682 P.2d 1313)

No. 56,088

JULIE SMITH, *Appellee*, v. VANGUARD PRODUCTS CORPORATION and CHARLES HADDEN, *Appellants*.

Petition for review denied September 6, 1984.

Opinion filed June 28, 1984.

*Glenda Lyons,* of Couch, Strausbaugh & Pierce, Chartered, of Overland Park, for the appellants.

*Gerald N. Jeserich,* of Boal and Jeserich, of Kansas City, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

FOTH, C.J.: This is a personal injury case arising out of a motor vehicle collision. The issue on appeal is whether the plaintiff met the $500.00 medical expense threshold of K.S.A. 40-3117, thus entitling her to recover for pain, suffering and other nonpecuniary loss. More specifically, the question is whether the replacement of eyeglasses damaged in the collision is "medical treatment" under the statute so that the cost of replacement is to be counted toward the threshold. We hold that under the circumstances of this case it is not.

In December, 1980, plaintiff Julie Smith, while driving a school bus, was struck from the rear by a truck belonging to defendant Vanguard Products and driven by defendant Charles Hadden. She was thrown from the bus and knocked temporarily

unconscious. She was taken to the emergency room of Providence-St. Margaret Hospital, where she received treatment for a cut on her scalp under her hair and an abrasion on her back.

Thereafter she went to her family physician to have her sutures removed and saw a chiropractor four times for treatment of her back and neck. In March, 1981, she saw an orthopedic surgeon who prescribed home exercises. In May, 1983, just before trial, she saw a second orthopedic surgeon who prescribed an anti-inflammatory medicine and a set of exercises to improve her posture. Charges for those services, in chronological order, were:

| | |
|---|---|
| Providence-St. Margaret Emergency Room | $225.90 |
| Dr. Joseph Martin | 63.00 |
| Dr. Cunningham, D.C. | 40.00 |
| Dr. Francisco, M.D. | 65.00 |
| Dr. Prostic, M.D. | 24.00 |
| Prescriptions | 16.00 |
| TOTAL | $433.90 |

In addition she paid $80.00 to an optical company to replace her glasses, which had been knocked off in the collision and badly scratched. No eye examination occurred, and plaintiff made no claim of injury to her eyes.

Under K.S.A. 40-3117 a plaintiff in a vehicular personal injury case can recover for nonpecuniary damages "because of injury only in the event *the injury requires medical treatment* of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more, or the injury consists in whole or in part of permanent disfigurement, a fracture to a weightbearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of a bodily function or death." Emphasis added.

To meet the threshold requirements of the statute plaintiff alleged three of its elements: that her injuries were permanent; that she suffered permanent disfigurement; and that her medical expenses exceeded $500.00. In answers to special questions the jury found no permanent injuries and no permanent disfigurement, but did find medical expenses of over $500.00. It fixed her damages at $40,000.00 which, reduced by her 25% fault, resulted

in a judgment of $30,000.00. The damage figure included pain and suffering, medical expenses, and lost time and wages.

On appeal defendants contend primarily that the finding of $500.00 in medical expenses is not supported by the evidence. As may be seen from the figures above, unless the cost of the glasses is counted plaintiff's actual medical expenses fall $66.10 short of the necessary $500.00.

K.S.A. 40-3117 states that the $500 must be for "medical *treatment*," and only medical treatment which "the *injury re-quires.*" In other words, the $500.00 in medical expense thresh-old under K.S.A. 40-3117 refers to the value of "medical treat-ment" required by the plaintiff's personal injuries. The statute contemplates dealing with or attempting to cure an injury caused by the accident; it does not apply to measures taken to repair or remedy property damage. Plaintiff suffered no physical "injury" in the accident which "required" a replacement of her glasses. Hence plaintiff received no "medical treatment" in the replace-ment of her glasses. They were simply personal property dam-aged in the accident.

This interpretation does not preclude consideration of eye-glasses as medical treatment in a case where a physical injury requires either that they be prescribed for the first time, or that their prescription be changed. New eyeglasses in such a case might well constitute "treatment" for the injury. Similarly, an eye examination to check for apparent injury to the eyes might well be "medical treatment" even if no injury is discovered and no new correction is necessary. The glasses involved here, however, had nothing to do with medical treatment and their cost cannot be counted toward plaintiff's $500 threshold amount in this case.

Plaintiff's primary response to the foregoing is a claim that the issue was not properly preserved for appellate review. The record reveals that the $500.00 threshold and the cost of eye-glasses were raised on three separate occasions: in a pretrial motion for partial summary judgment; in a motion for a directed verdict at the close of plaintiff's case, and in a "motion for relief from verdict" which incorporated, among other things, a motion for judgment n.o.v. and a motion for a new trial. The point was clearly raised in the trial court. Defendant's failure to object to plaintiff's testimony about the cost of the glasses was not a

waiver; the cost was an element of pecuniary damages and an objection would have been futile.

Plaintiff also suggests that the threshold was met by valuing her performance of prescribed home exercises, citing *Key v. Clegg*, 4 Kan. App. 2d 267, 604 P.2d 1212, *rev. denied* 227 Kan. 927 (1980). In that case, however, a value for threshold purposes was placed on prescribed massages performed by the plaintiff's mother. Reliance was on that portion of K.S.A. 40-3117 which provides, "Any person receiving ordinary and necessary services, normally performed by a nurse, from a relative or a member of his household shall be entitled to include the reasonable value of such services in meeting the requirements of this section." In this case there was no evidence of any home "nursing" services performed for plaintiff by any member of her household, but only that she herself performed some exercises. Even assuming they had some monetary value, the exercises do not fall under the statutory term "medical treatment."

We conclude the evidence does not support the jury's finding of more than $500.00 in medical expenses. At the time of defendants' motion for partial summary judgment and for a directed verdict there remained issues as to the permanency of plaintiff's injuries and the disfiguring nature of her scar, both at least arguably questions for the jury. However, by the time of the post-verdict motion for a new trial these questions had been answered by the jury against the plaintiff, and her right to nonpecuniary damages had to rest on medical expenses exceeding the $500.00 threshold. Since they did not do so, defendants were and are entitled to a new trial on the issue of damages, limited to plaintiff's pecuniary loss.

Reversed and remanded for a new trial on damages only, limited to plaintiff's pecuniary loss.