MIRTA E. HARRIS et al., Appellants, v ST. JOHNSBURY TRUCKING CO., INC., et al., Respondents.

Third Department, April 21, 1977

*William P. Curran* for appellants.

*Donald D. Gulling, Jr. (Robert M. Schimpf* of counsel), for respondents.

KOREMAN, P. J. In this action, plaintiffs seek to recover damages based upon the negligence of the defendants, owner

and operator of a truck which struck a parked car, causing the parked car to strike the plaintiff, Mirta Harris. On the trial plaintiffs introduced testimony that Mrs. Harris, who was in the late stages of pregnancy at the time of the accident, was propelled a distance of some six or seven feet, landing on the ground on her abdomen and striking her head, rendering her unconscious. She testified that when she regained consciousness in the ambulance en route to the hospital she was nauseous, had ringing in her ears, and a severe headache; that she continues to have severe headaches and low back pain which are disabling. There is medical testimony by a psychiatrist who attended Mrs. Harris to the effect that as a result of her accident of August 7, 1974 she sustained a concussion of the brain and was suffering from a postconcussion syndrome causing severe headaches and severe emotional *sequelae,* such as insomnia, memory defects, and depressive and anxiety neurosis. He also testified that the headaches, insomnia, depressive and anxiety neurosis are permanent conditions. Bills for medical expenses totaling $362.14 were received in evidence, as well as additional bills totaling $350 rendered by a psychiatrist for a psychiatric examination and written report on October 5, 1974, and follow-up examinations on January 11, March 15, and August 30, 1975. At the close of plaintiffs' proof the trial court concluded that plaintiffs failed to establish "serious injury" within the meaning of a subdivision 4 of section 671 of the Insurance Law, commonly referred to as the no-fault insurance law, and dismissed the complaint. The trial court reasoned that although there was proof of permanency of the injuries sustained, the loss of a body function or system claimed here was not a total loss, but only a partial one, and, therefore, would not constitute a "serious injury" under paragraph (a) of subdivision 4 of the statute. The court also determined that the bills for $350 rendered by the psychiatrist for his services must be excluded in the computation of the threshold amount of $500 in determining whether there was a "serious injury" within the meaning of paragraph (b) of subdivision 4 of the statute, since there was no reasonable basis to find that the psychiatrist rendered anything but psychiatric therapy.

We consider first the question of whether the bills of the psychiatrist are includable in determining whether plaintiffs had exceeded the $500 threshold portion of the definition of "serious injury". That portion of the definition of "serious

injury" refers only to reasonable and customary charges for the same services as listed in clause (i) of paragraph (a) of subdivision 1 of section 671 of the Insurance Law, and makes no reference to any charges for psychiatric, physical and occupational therapy and rehabilitation (Insurance Law, § 671, subd 4, par [b]). However, we find no support in the record for the trial court's conclusion that there was no reasonable basis to find that anything but psychiatric "therapy" was rendered to Mrs. Harris. On the contrary, it appears that the bills related to examinations, evaluations, and diagnoses made in order to determine whether there was any need to commence psychotherapy treatment. Under such circumstances, it can hardly be said that the bills rendered by the pyschiatrist were only for psychotherapeutic and rehabilitative measures employed by him in the treatment of Mrs. Harris for the injuries she sustained in this accident. Accordingly, it was error to exclude the bills of the psychiatrist in the computation of the threshold amount of $500.

The trial court erred in concluding that there must be a permanent *total* loss of use of a body organ, member, function or system in order to constitute a "serious injury" as defined by paragraph (a) of subdivision 4 of section 671. In our view, plaintiffs have made a clear and sufficient showing of "serious injury" to Mrs. Harris to bring her expressly within the statute and to qualify her, prima facie, to maintain this action. The evidence submitted on her behalf raised a question of fact as to whether there had been a permanent loss of use of a function or system. The determination of that issue and any other threshold issue under the no-fault insurance law should be submitted to the jury as a question requiring a special finding *(Sanders v Rickard,* 51 AD2d 260, 263-264; *Colenzo v Kernan,* 49 AD2d 809).

Since we conclude that plaintiffs are entitled to a new trial, we need not consider their contention that the trial court erred in refusing to grant their motion for a mistrial.

The judgment should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

MAHONEY, MAIN, LARKIN and HERLIHY, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.