No. 48,634

Susan J. Mayer and Kenneth Rogers, *Appellants,* v. Edgar Alvin Harris, *Appellee.*

(579 P.2d 715)

Opinion filed June 10, 1978.

*Andrew D. Lyons,* of Prairie Village, argued the cause and was on the brief for the appellants.

*John E. Redmond,* of Kansas City, Missouri, argued the cause and *Walter Fuller, Jr.,* of Kansas City, Kansas, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from summary judgment entered in favor of defendant Edgar Alvin Harris in a personal injury case.

The accident giving rise to this lawsuit took place on October 23, 1974, in Wyandotte County. Plaintiffs were Missouri residents. They had rented an automobile in Missouri and were driving it in Kansas City, Kansas, when it was struck by defendant. Defendant, a Florida resident, was also driving a car rented in Missouri.

As a result of the accident plaintiffs received injuries and were taken by ambulance to a hospital. Neither plaintiff incurred medical expenses or suffered an injury which would permit him to sue for pain, suffering, mental anguish, inconvenience or other

nonpecuniary loss under the provisions of K.S.A. 1974 Supp. 40-3117 (now K.S.A. 1977 Supp. 40-3117).

On December 17, 1975, plaintiffs filed this action seeking recovery for pain, suffering, mental anguish, lost wages and medical expenses. On July 26, 1976, defendant filed a motion for summary judgment, alleging plaintiffs were subject to the Kansas Automobile Injury Reparations Act (K.S.A. 1974 Supp. 40-3101, *et seq.* [now K.S.A. 1977 Supp. 40-3101, *et seq.*]), and their injuries were not of the kind and nature which entitled them to bring suit against defendant. The trial court agreed and entered judgment for defendant.

K.S.A. 1974 Supp. 40-3117, effective February 22, 1974, states:

"In any action for tort brought against the owner, operator or occupant of a motor vehicle or against any person legally responsible for the acts or omissions of such owner, operator or occupant, a plaintiff may recover damages in tort for pain, suffering, mental anguish, inconvenience and other non-pecuniary loss because of injury only in the event the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more, or the injury consists in whole or in part of permanent disfigurement, a fracture to a weight-bearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of a bodily function or death. . . ."

Plaintiffs contend the trial court erred in entering judgment for defendant because plaintiffs are nonresidents and not subject to the provisions of the Act. K.S.A. 1974 Supp. 40-3117 precludes bringing any tort action against the operator of a motor vehicle for pain, suffering, mental anguish, inconvenience and other nonpecuniary loss except under specified conditions. K.S.A. 1974 Supp. 40-3106 further provides that a nonresident owner of a motor vehicle may not operate such vehicle on the highways or public property of the state unless a motor vehicle liability policy conforming with K.S.A. 1974 Supp. 40-3107 is in effect for such vehicle or the nonresident has qualified as a self-insurer. It is obvious from a reading of the two sections of the Act that a nonresident owner of a motor vehicle operated on the highways and public property of this state is subject to the provisions of K.S.A. 1974 Supp. 40-3101, *et seq.*

Plaintiffs are thus precluded from bringing an action for pain, suffering, mental anguish, inconvenience and other nonpecuniary losses and to that extent the trial court's order of dismissal was proper. A complete dismissal was not proper, however.

Plaintiffs also sought to recover for medical expenses and lost wages. K.S.A. 1974 Supp. 40-3101, *et seq.,* does not preclude an action for actual expenses and pecuniary loss resulting from a collision, even when the threshold provisions of 40-3117 have not been met. If liability is established plaintiffs are entitled to recover for those losses, subject to any reimbursement or indemnity rights arising under 40-3113.

The judgment of the trial court is affirmed in part and reversed in part, and remanded with instructions to proceed in a manner consistent with this opinion.