**Patrick T. McGARRY, Plaintiff and Appellant,**

v.

**David Brian SKOGLEY and Gerald M. Skogley, Defendants and Appellees.**

Civ. No. 9509.

Supreme Court of North Dakota.

Feb. 1, 1979.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for plaintiff and appellant; argued by Richard A. Ohlsen, Grand Forks.

Vaaler, Gillig, Warcup, Woutat & Zimney, Grand Forks, for defendants and appellees; argued by Thomas L. Zimney, Grand Forks.

PEDERSON, Justice.

McGarry's lawsuit against Skogley was dismissed after a jury found that he suffered no "serious injury" when his Chevrolet van was rear-ended by Skogley's Buick convertible. The appeal of the dismissal raises questions which are first impressions for this court under "no-fault" insurance.[1] This case leads us to understand why some courts have found it necessary, when encountering difficulties with no-fault cases, to use such descriptive words as "resist reconciliation,"[2] "positive repugnancy,"[3] "irreconcilable inconsistencies,"[4] and "the legislature should revisit the subject."[4]

The problems of making the no-fault statute workable within the confines of tradition-bound judicial processes are discussed at length by Professor David Herbert Schwartz in 41 Brooklyn L.Rev. 37 (1974), under the heading: *No-Fault Insurance: Litigation of Threshold Questions Under The New York Statute—The Neglected Procedural Dimension.* The preface thereto provides in part:

> "The practitioner must now be concerned with the procedural rules and devices under which no-fault contests may be litigated, matters to which the legislature, unfortunately, has provided little or no guidance."[5]

We need to address some of the perceived problems before suggesting statutory or rule changes.

In this case McGarry alleged in his complaint that he suffered permanent and disabling injuries in the accident, but did not allege the amount of his "economic loss" nor did he use the specific words "serious injury." These are words of art in a statutory no-fault suit. "Economic loss" is defined in § 26–41–03(5), NDCC, as one or more of the following:

> "a. Medical expenses and rehabilitation expenses; and

> "b. Work loss, replacement services loss, survivors income loss, survivors replacement services loss, and funeral, cremation, and burial expenses."

"Serious injury" is defined in § 26–41–03(18), NDCC, in part, as follows:

> " 'Serious injury' means an accidental bodily injury which results in death, dismemberment, serious and permanent disfigurement or disability beyond sixty days, or medical expenses in excess of one

1. Chapter 26–41, NDCC, "North Dakota Auto Accident Reparations Act."

2. *State Farm Automobile Insurance Co. v. Hauser,* 281 So.2d 563, 69 ALR3d 826 (Fla.App. 1973).

3. *Reyes v. Banks,* 292 So.2d 39 (Fla.App.1974).

4. *State Farm Mutual Automobile Ins. Co. v. Mance,* 292 So.2d 52 (Fla.App.1974), concurring opinion of Judge Barkdull. See also *Easom v. Farmers Ins. Co., Inc.,* 221 Kan. 415, 560 P.2d 117 (1977).

5. See Keeton and O'Connell, *Basic Protection for the Traffic Victim,* Little, Brown and Company (1965), for a general description of purposes behind no-fault insurance. See also Albrecht, *No Fault Automobile Insurance: The Hart Proposal,* 48 N.D.L.Rev. 443 (1972).

thousand dollars. An injured person who is furnished . . . [medical] services . . . without charge or at less than the average reasonable charge therefor in this state shall be deemed to have sustained a serious injury if the court determines that the fair and reasonable value of such services exceeds one thousand dollars."

A "secured person," another word of art defined in § 26–41–03(17), NDCC, is exempt from liability for non-economic loss as defined in § 26–41–03(9), NDCC, to include pain and suffering, unless there is a serious injury as defined above, and from liability for economic loss as defined above, to the extent that they are paid or payable under basic no-fault benefits of the injured person's own no-fault coverage. See § 26–41–12, NDCC. (The mere attempt to intelligibly recite the basics of no-fault ends up as a grammatical monster.)

When McGarry attempted to introduce evidence that indicated that his medical expenses [6] were less than the threshold sum of $1,000.00, Skogley objected, stating: "if it's being offered on the issue of damages . . . we would object on the basis of Section 26–41–12(1)." There followed, in chambers, an extensive discussion as to the application of the no-fault act; the obligations of the basic no-fault insurer (McGarry's insurer) to pay economic losses; the possibility of arbitration proceedings between two companies insuring the two parties to the accident; threshold requirements; rules of evidence; the prejudicial matter of admitting evidence which, when properly explained, brings the subject of insurance before the jury; confusion of the jurors; the right of subrogation and possible double recovery— all of which cover 24 pages of the transcript. The court sustained the objection, stating that relevancy of the proffered testimony was debatable and it was better to keep the trial as simple as possible and, consequently, that the jury should not hear the testimony.

■ At the conclusion of the trial, the jury returned a special verdict which found that Skogley alone was negligent but that McGarry suffered no serious injury. Although McGarry requested numerous instructions, some of which were not given, we find nothing in the record to indicate that he was afforded an opportunity to take exception to the instructions given. Accordingly, pursuant to provisions of Rule 51(c), NDRCivP, all instructions are deemed to be excepted to.

■ We will first consider whether or not the trial court erred in refusing to admit testimony as to the dollar value of the medical expenses incurred by McGarry. McGarry argues that "in an action for the recovery of monetary damages for a personal injury, it can hardly be maintained that the amount of the medical bills for the treatment of the injury is not relevant to establish a fact in issue." We do not agree. This is not a fault-finding personal injury suit—testimony as to monetary medical expenses incurred is only relevant insofar as those expenses are pertinent to any of the issues under the statute which are appropriately raised.

Rule 401, NDREv, defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Whether McGarry was seriously injured was a significant fact having a very important consequence upon the outcome of his no-fault suit. First of all, one who is not seriously injured is not entitled to recovery in a no-fault suit, with certain exceptions not applicable here.[7] Here, McGarry con-

---

6. Whether McGarry's expenses were medical or physiotherapeutic, and whether the distinction is significant under North Dakota law, were not argued. See *Sanders v. Rickard,* 51 A.D.2d 260, 380 N.Y.S.2d 811 (1976), and *Har-*

*ris v. St. Johnsbury Trucking Co., Inc.,* 57 A.D.2d 127, 393 N.Y.S.2d 611 (1977).

7. Whether McGarry would be entitled, nevertheless, to seek recovery of medical expenses if he were self-insured under the theory of subro-

cedes that if he had been permitted to introduce the proffered testimony it would show that he incurred medical expenses of less than $1,000.00. If that were the only evidence of serious injury, his suit would fail because of inability to meet the threshold. The evidence offered would prove that McGarry could not meet the threshold requirements as to medical expenses. If there were no evidence on that subject, it would bring the same result. If he had some other purpose within the terms of the no-fault statute, he failed to show it. Under the no-fault statute, serious injury can also be shown by other means, such as disability beyond 60 days. Positive evidence of reaching the required threshold through medical expenses is relevant. Negative evidence thereon ordinarily is not relevant when it is agreed that those medical expenses do not provide the threshold.

Rule 403, NDREv, provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Procedure Committee Notes to Rule 403 state:

"The rule vests wide discretion in the trial court to control the introduction of evidence."

Our consideration of all of the argument presented to the trial court leads us to conclude that, in this instance, the trial court did not abuse its discretion.

We agree that the amount of medical expenditures incurred may be relevant other than for proving threshold in a no-fault suit. Medical expenditures incurred in a particular case can be relevant even when they are not recoverable from the defendant. For example, the basic no-fault insur-

er, if he is a self-insurer, appears to be entitled to recover all actual expenses under subrogation (§ 26–41–13, NDCC). Commercial insurers are apparently limited to mandatory intercompany arbitration under § 26–41–14, NDCC. These are only theoretical matters in this case. We have no claim that McGarry was self-insured, and the record does not indicate that his insurer sought to or could intervene, nor that Skogley's insurer was or could be interpleaded. We will not speculate by adding "but if."

Professor Schwartz, in his writing on no-fault procedural problems, 41 Brooklyn L.Rev., *supra*, in a footnote at 39, commenting on the New York statutory provision relating to situations where there is no recovery for "basic economic loss" but where this loss may be proved at the trial when relevant to other issues, asks the following rhetorical questions:

"1) Must insurance coverage still be kept from the jury?

"2) May counsel comment on the receipt of no-fault economic benefits in the pain-and-suffering action?

"3) Does the court discuss the 'overlap' in its charge?

"4) When plaintiff's right to pain and suffering damages is challenged in the trial context on the ground and the 'threshold' entitling plaintiff to such recovery has not been crossed, is the question for the court or for the jury?

"5) Where such threshold issue exists, must there be a special verdict on the issue in order to permit intelligent review?

"6) Should the 'threshold' issue be severed and tried first? If this is done, how can the court avoid the duplication of medical testimony if and when the ultimate total damage question goes to the trier of fact?" [8]

gation is not an issue before us. See Annotation in 69 ALR3d 830. See also rules adopted by the Insurance Commissioner—North Dakota Administrative Code, Chapter 45–02–09, *Self-Insurance Used as Security Required by the North Dakota Auto Accident Reparations Act.*

**8.** Schwartz suggests that perhaps it may be necessary in order to avoid "Damoclesian uncertainty" that there be a "reverse bifurcation" or "trifurcation"—threshold issues first, liability second, and damages third.

We could easily add to the list of rhetorical questions—but that is a tool used by law review writers that doesn't comport with this court's constitutional duty to concisely state, in writing, the reasons for its determinations. See § 89, North Dakota Constitution. The Legislature might, in the future, want to consider further the experience of other states that have enacted no-fault statutes, such as New York, Massachusetts, Florida, New Jersey, or Kansas. [See, e. g., Kansas Statutes Annotated, § 40–3113(a), relating to remedies under no-fault, and *Mayer v. Harris*, 224 Kan. 231, 579 P.2d 715 (1978), indicating that the Kansas no-fault act does not preclude an action for actual expenses and pecuniary loss even when the threshold has not been met. *Cf., Cappadona v. Eckelmann*, 159 N.J.Super. 352, 388 A.2d 239 (1978)]. See also Annotation in 42 A.L.R.3d 229, and Am.Jur.2d, New Topic Service, No-Fault Insurance. Procedural rule changes by this court may also be found necessary.

It is our conclusion that McGarry offered no valid reason why the evidence of medical expenses should have been admitted by the trial court in this case.

We next address the objections McGarry has to the instructions that were given. Without any analysis of the instructions given, McGarry says that the trial court erred in not giving his requested instructions numbered 13 and 16. In addition, he says that there should have been no instruction on "contributory negligence."

In the instructions given, we find the following:

### "*CONTRIBUTORY NEGLIGENCE*

"Everyone is under a duty to exercise ordinary care for his own protection and safety, and, in doing so, to make reasonable use of his faculties to avoid injury to himself. If he fails to do so, he is guilty of negligence. His negligence is 'contributory negligence' if it concurs or combines with negligence of the Defendants so that the negligence of both is a proxi-mate cause of the injury, although the negligence of the Defendants may have been different in degree or in its effect."

That was followed by the following:

### "*COMPARATIVE NEGLIGENCE*

### "(Diminution of Damages Because of Contributory Negligence)

"Contributory negligence of a claimant does not bar a recovery of damages by such person, if such person's negligence was not as great as the negligence of the person against whom damages are claimed, but any damages allowed by you, the jury, to a claimant will be diminished by the Court, as required by law, in the proportion that the amount or percentage of contributory negligence attributable to such claimant bears to the total (100 per cent) of such negligence attributable to parties in this case, including the claimant.

"However, if the contributory negligence attributable to a claimant was at least as great as the negligence of the party or parties against whom damages are claimed, the claimant is barred from recovering any damages against him.

"Accordingly, if you find that the Plaintiff, Patrick T. McGarry, sustained damages as a proximate result in whole or in part of negligence of the Defendants, David Brian Skogley and Gerald M. Skogley, and the Plaintiff is otherwise entitled to recover damages herein, you will then return a special verdict in which you will make special findings of fact determining the amount of Plaintiff's damages in dollars without diminution for negligence."

■■■ This is not an instruction on "contributory negligence," even though those words are used as they are in the statute which adopted the doctrine of comparative negligence (§ 9–10–07, NDCC). Even though we perhaps would not have composed an instruction in the language used by the trial judge, that is not a measure by which we determine the correctness of in-

structions. We recently reiterated the rules applicable to a review of instructions in *Wasem v. Laskowski*, 274 N.W.2d 219 (N.D. 1979). The instructions on negligence fairly informed the jury of the law of comparative negligence that it must apply. This is all that is required.

In any event, the jury found that McGarry was not negligent and that only Skogley was negligent. If there was any error in this instruction, the error did not cause McGarry harm and did not affect any of his substantial rights. See Rule 61, NDRCivP.

■ McGarry's requested instructions 13 and 16 appear to define terms in the language of the no-fault statute but, in some respects, go far beyond the statute, using terminology applicable to fault-finding actions. The instructions that were given, as a whole, covered all areas required to inform the jury of the law it must apply. A trial court need not give instructions in the specific language requested or in the language of the statute where the substance thereof is fully and fairly covered by another charge. *Wasem v. Laskowski, supra.* No error having been shown, we affirm the judgment.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.