Loren R. GAJEWSKI and Mervin A. Gajewski, Plaintiffs and Appellants,

v.

Lyle D. BRATCHER, Sharon Bratcher, and Edward Bratcher, Defendants and Appellees.

Civ. No. 9175–A.

Supreme Court of North Dakota.

June 25, 1981.

Loren R. Gajewski and Mervin A. Gajewski, Alexander, plaintiffs and appellants, pro se.

Bjella, Neff, Rathert & Wahl, Williston, for defendants and appellees, argued by Vern C. Neff, Williston.

SAND, Justice.

The plaintiffs, Loren R. and Mervin A. Gajewski [Gajewskis] appealed from a judgment of dismissal after a jury verdict in favor of the defendants, Lyle D., Sharon, and Edward Bratcher, and from a denial of their motion for a new trial.

This is the third appeal before this Court by these parties involving essentially the same factual background. *Gajewski v. Bratcher*, 240 N.W.2d 871 (N.D.1976); *Gajewski v. Bratcher*, 221 N.W.2d 614 (N.D. 1974). This action initially originated with the Gajewskis' amended complaint which contained what were denominated as five separate causes of action. These five causes of action alleged in substance as follows:

*First cause of action.* The Gajewskis alleged that their unrecorded quitclaim deed dated 1 Dec. 1961 from Glenna and

Lloyd Gajewski was a deed absolute and they claimed title and possession to the land described in the deed (SW¼ of Section 12, Township 151 N, Range 102 West). The Gajewskis also alleged that the warranty deed for the same land dated 26 Nov. 1966 which the Bratchers purchased from Glenna Gajewski and Lloyd Gajewski was "false, faulty, deficient, defective, inconsistent, in every way impotent, a clot on the record and out of the chain of title."

*Second cause of action.* The Gajewskis alleged $2,000.00 in damages for slander to their title to the above-described real property because of the Bratchers' conduct in recording their warranty deed.

*Third cause of action.* The Gajewskis alleged $20,000.00 in damages to their reputation because Edward Bratcher, in the presence of three North Dakota state highway department employees claimed ownership to the above-described land and asserted that the Gajewskis had never owned the land. The Gajewskis also alleged they suffered public embarrassment, damage to their business, extreme mental anguish and public slander because the Bratchers caused rumors to be circulated which led many persons to believe the Gajewskis had never been the true and lawful owners of the property.

*Fourth cause of action.* The Gajewskis alleged $2,000 in damages for trespass alleged to have occurred in Jan. 1967 when the Bratchers and a North Dakota state highway department gravel prospecting crew entered the above-described land and drilled prospect holes. These activities allegedly damaged the farmland and reduced its productivity.

*Fifth cause of action.* The Gajewskis alleged that the above-described conduct of the Bratchers was "wanton" and in "utter and complete disregard for the property rights and character and reputation" of others, and for this conduct sought $5,000.00 in punitive damages.

The Gajewskis first cause of action was tried separately without a jury in 1968. After trial, the district court entered judgment which dismissed the Gajewskis' first cause of action to determine adverse claims

against all of the defendants and which quieted the title in Lyle D. and Sharon Bratcher. The Gajewskis appealed. This Court in *Gajewski v. Bratcher*, 221 N.W.2d 614 (N.D.1974) [*Gajewski* I], reversed the district court judgment and remanded the case with directions that the district court vacate and set aside its judgment and enter judgment quieting title to the land in the Gajewskis. The reversal also reinstated the second through fifth causes of action which had not been tried and on which we had expressed no opinion.

However, the Bratchers, after an unsuccessful attempt in this Court, filed a motion in the district court under Rule 60(b), North Dakota Rules of Civil Procedure, which motion was subsequently granted, resulting in the reinstatement of the district court's original judgment. The district court's ruling on the motion was based upon its finding that the Gajewskis had accepted substantial benefits ($5,000.00 bank money order) under the terms of the district court's judgment while the Gajewskis' first appeal was pending before this Court, and that they were, therefore, precluded from contesting the validity of the original judgment. The Gajewskis appealed from the ruling on the motion and the resulting order. We reversed and remanded with instructions requiring the Gajewskis to return the $5,000.00. *Gajewski v. Bratcher*, 240 N.W.2d 871 (N.D.1976) [*Gajewski* II]. In so doing we reinstated our original decision.

The case then proceeded to jury trial on the Gajewskis' second through fifth causes of action. The jury returned a verdict on the remaining causes of action in favor of the Bratchers and against the Gajewskis, and judgment for dismissal was entered. Thereafter, the Gajewskis unsuccessfully moved for a new trial. The Gajewskis appealed to this Court from the judgment on the verdict and from the denial of a new trial.

Because our decision in *Gajewski* I is relevant to several of the issues presented in this appeal, we will briefly discuss that decision.

The overriding issue presented in *Gajewski* I concerned a determination of adverse claims to the parcel of land described earlier herein. Our determination of that issue required us to consider several interrelated questions. The facts as set out in that case reflect that there was a sharp and irreconcilable conflict in the testimony of the Gajewskis and the testimony of the Bratchers' two principal witnesses.

The Gajewskis testified in substance that they entered into an agreement with Glenna Gajewski [Glenna] and Lloyd Gajewski [Lloyd] to purchase the described parcel of land; that the Gajewskis and Glenna and Lloyd executed two instruments which reflected the sale of the land to the Gajewskis by quitclaim deed (the instruments were admitted into evidence at the trial on the first cause of action); that the Gajewskis entered into actual, open and peaceful possession of the premises in the spring of 1962, except for the residence located thereon which was temporarily retained by Glenna, and have remained in continuous possession of the land and taken all the crops thereon from 1962 through 1967; that the Gajewskis recorded their quitclaim deed on 10 Jan. 1967; that Glenna executed and delivered a warranty deed to Lyle Bratcher and his wife on 25 Nov. 1966.

Glenna and Lloyd testified in substance on behalf of the Bratchers and without objection to the competency or admissibility thereof under the parol evidence rule that they were indebted to the Williston Cooperative Credit Union and did not have money to pay the indebtedness; that they asked Loren Gajewski if he could lend them money to make the payments; that Loren promised to loan them money on the condition that they would give him a quitclaim deed to the premises in issue; and that the quitclaim deed was delivered only for the purposes of security on that loan.

The first issue that we discussed in *Gajewski* I was whether or not the oral testimony of Glenna and Lloyd, received without proper and timely objection, was competent and admissible to prove that the quitclaim deed was given as security for the alleged loan and that upon payment thereof the quitclaim deed was to be returned to Glenna and Lloyd. We noted that because of the trial court's decision, it was obvious that the trial judge concluded that the version of the facts testified to by Glenna and Lloyd was true. However, we concluded that the oral testimony was incompetent and inadmissible because of the parol evidence rule:

"... (1) to vary, contradict and impeach the quitclaim deed they [Glenna and Lloyd] executed and delivered to the plaintiffs [Gajewskis] herein; (2) to prove that said deed was to be returned to them [Glenna and Lloyd] upon the repayment of said loan; and (3) to strike down and to nullify the grant contained in said deed which is conclusive against them [Glenna and Lloyd], as grantors and their privies." *Gajewski v. Bratcher*, 221 N.W.2d 614 at 627.

Furthermore, we determined that the Gajewskis' failure to object to the oral testimony did not waive their right to assign error to the testimony for the first time on appeal, and we concluded that the trial court erred in considering the evidence that was received in violation of the parol evidence rule.

Having decided that issue we then considered whether or not the remaining evidence established that Lyle and Sharon Bratcher acquired their title with actual or constructive notice [1] that Glenna was not in actual possession of the premises and had not taken or received any rents or profits therefrom for a space of more than one year prior to the time they obtained their warranty deed on 25 Nov. 1966.

We noted that Lyle Bratcher admitted under oath that he knew that the Gajewskis had been in actual possession of the premises from the spring of 1962. We determined that this notice was sufficient to put Lyle Bratcher on constructive notice that the

1. Section 47–19–46, North Dakota Century Code, provides that "an unrecorded instrument is valid as between the parties thereto and those who have notice thereof." [Underscoring ours.]

Gajewskis were in possession of the premises under a quitclaim deed. Further, we noted that Lyle Bratcher testified that at the time his warranty deed was executed Glenna told him that she had given a quitclaim deed to the Gajewskis for purposes of security. We determined that this constituted actual knowledge and notice to Bratcher of the quitclaim deed and that the Gajewskis' unrecorded quitclaim deed was valid against the Bratchers because they had actual notice of the quitclaim deed. Based on the Bratchers' knowledge of the facts at the time the warranty deed was executed, we determined that the warranty deed which Lyle D. and Sharon Bratcher obtained from Glenna Gajewski was champertous and void.

The next issue we considered in *Gajewski* I was if, after eliminating and excluding all oral or extrinsic evidence that was incompetent and inadmissible under the parol evidence rule, together with the warranty deed which we held was champertous and void, there was sufficient competent evidence in the record, independent and separate from that which was incompetent, to sustain the judgment of the district court quieting the Bratchers' title to the premises.

We determined that the Bratchers had failed to prove by clear, satisfactory and convincing evidence that the quitclaim deed was delivered for the purposes of security and therefore the district court's judgment was not supported by competent evidence.

Finally, we determined that the Gajewskis had established facts sufficient by a fair preponderance of the evidence to quiet title in their favor.

We concluded that opinion by pointing out:

"... we deem it advisable to state that our reversal of said judgment will necessarily operate to reinstate the second to the fifth causes of action inclusive, contained in the plaintiffs' amended complaint, which have not yet been tried and with respect to which we have not and do not express any opinion as to the merits thereof." *Gajewski v. Bratcher*, 221 N.W.2d 614 at 639.

These causes of action were slander to title, slander to person, and trespass to land.

The first issue raised by the Gajewskis on this appeal is whether or not the district court had jurisdiction to consider de facto defenses and evidence offered at trial because the defenses were not pleaded. The Gajewskis assert that none of the defenses alleged in the Bratchers' answer survived the first appeal, *Gajewski* I.

Rule 8(c), N.D.R.Civ.P., provides in part that:

"... a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and *any other matter constituting an avoidance or affirmative defense.*" [Emphasis added.]

The Gajewskis assert that because the Bratchers did not plead what they assert are "an avoidance or affirmative defense" they could not raise those defenses at trial over the Gajewskis' objection. The Gajewskis particularly point to the following two "avoidance or defenses" which they assert were improperly interjected into the trial: (1) the Gajewskis' reputations were not subject to damage, and (2) testimony which reflected Bratchers' lack of malice, lack of wanton conduct and in support of their good intentions. The thrust of the Bratchers' case at trial was that their title was as good as the Gajewskis until our decision in *Gajewski* I was rendered.

Initially with respect to the Gajewskis' reputation, we note that their complaint alleged that they suffered "public embarrassment, damage to their reputation and business, and extreme mental anguish and public slander." The Bratchers' answer denied these allegations.

During the course of the trial, the Bratchers elicited testimony reflecting a 1962 felony conviction and subsequent incarceration in 1964. The Gajewskis also

claim "surprise" when evidence of this non-pleaded "defense" was introduced. However, this issue was raised in the Bratchers' pretrial brief and was also raised in a pretrial motion. Further, the Gajewskis' amended complaint put their reputation in the community in issue, and during the course of the trial the Gajewskis offered evidence as to how their reputation was injured. Because of this we do not believe the Gajewskis' claim of "surprise" is meritorious.

■ Furthermore, we do not believe the 1962 felony conviction and subsequent incarceration is an "avoidance or affirmative defense" within the purview of Rule 8(c), N.D.R.Civ.P., and we believe the Bratchers' specific denial of the slander-to-person allegations in the Gajewskis' complaint put the matter in issue.

■ The Gajewskis in their prima facie case were required to establish that their reputation in the community had been damaged. As such the Bratchers were entitled to refute the claim without pleading the Gajewskis' incarceration as an affirmative defense.

■ In a closely related matter, we note that Rule 609(b), North Dakota Rules of Evidence, provides that evidence of a conviction is not admissible for *impeachment* purposes if more than ten years have elapsed since the date of the conviction. However, in this instance the evidence of the Gajewskis' conviction was not used for impeachment, but was used as substantive evidence to refute the Gajewskis' claim that their reputation was injured.

The Gajewskis also assert that the evidence which reflected the Bratchers' lack of malice and lack of wanton conduct and in support of the Bratchers' good intentions should not have been admitted because it was not pleaded as an affirmative defense. Further, the Gajewskis assert that this question was already adjudicated in *Gajewski* I.

We do note that the following defense was interposed by Bratchers:

"VII

"Further answering the Plaintiffs Amended Complaint the Defendants allege and set forth that they did enter into possession of the premises described in said Amended Complaint in reliance upon the record title and that certain Warranty Deed executed by and between Glenna I. Gajewski, a widow, the then record title owner, as Grantor, to Lyle Bratcher and Sharon Bratcher, as joint tenants, Grantees, which Deed is dated November 25, 1966, and was filed and recorded in the Office of the Register of Deeds, McKenzie County, North Dakota, November 28, 1966, in Book 114 Deeds, at page 63."

This defense was not extinguished by our previous decision in *Gajewski* I. Nor did *Gajewski* I decide this question as it related to the issues in the instant case. In this respect, the Gajewskis' reliance on "law of the case" doctrine is misplaced.

■ The "law of the case" doctrine provides that a decision by an appellate court is the law of that case on the points presented throughout all subsequent proceedings in the case in both the trial and appellate courts provided the facts and issues are substantially the same as those on which the first decision rested. *Continental Life and Accident Co. v. Songer*, 124 Ariz. 294, 603 P.2d 921 (Ariz.App.1979); see, 24A Words and Phrases page 104 et seq. It is a necessary corollary to this doctrine that the former ruling is not binding upon subsequent proceedings if the issues presented therein are different. We have said that the "rule of the 'law of case' . . . does not extend to matters not decided, even though . . . [we] may have made some statements or remarks with respect thereto." *Muhlhauser v. Becker*, 74 N.D. 103, 20 N.W.2d 353 (1945).

■ The Gajewskis contend that because this Court's opinion in *Gajewski* I contained language that the Bratchers were not good-faith purchasers and that the deed relied upon by the Bratchers was champertous and void, those statements should be bind-

ing on the remaining four causes of action. However, those statements were all relative to our determination of the owner of the property in question, and we specifically expressed no opinion as to the remaining four causes of action. [Slander of title, slander of person, trespass to land, and punitive damages.] Although both the warranty deed and the oral testimony concerning whether or not the quitclaim deed was given as security for a loan were not competent to establish the Bratchers' title to the land, that evidence was relevant to establish the factual background of the disputed transaction which was pertinent to the remaining four causes of action. Because the ultimate decision in *Gajewski* I involved the determination of the owner of the property and did not address the four remaining causes of action, we conclude that "law of the case" doctrine is not applicable to the instant case and that the evidence relating to the Bratchers' lack of malice, lack of wanton conduct and in support of their good intentions was relevant to the factual background which was the basis of the Gajewskis' remaining four causes of action.

The second issue we will consider relates to the trial court's failure to give jury instructions which were requested by the Gajewskis. The Gajewskis assert that on the basis of this court's holding in *Gajewski* I the requested instructions were warranted.

■ Jury instructions must be considered in their entirety and if the effect of the instructions is to outline the essential issues fairly and properly, an isolated improper statement will not be considered prejudicial error. *Wasem v. Laskowski*, 274 N.W.2d 219 (N.D.1979). The trial court need not give instructions in the specific language requested if the substance of the requested instruction is already fully and fairly covered by another charge. *McGarry v. Skogley*, 275 N.W.2d 321 (N.D.1979); *Wasem v. Laskowski, supra.* If an instruction adequately covers the law, it is not error to refuse to give a requested instruction even though there was nothing objectionable in the requested instruction. *Wasem v. Laskowski, supra.*

■ The Gajewskis asserted that the "law of the case" as formulated by our decision in *Gajewski* I directly embodied the following requested instructions:

1

"As to that certain parcel of real property described as the *SW¼–Sec.12 Twp. 151—Rng. 102*, at issue in this lawsuit:

"You are hereby instructed that the defendants Lyle D. Bratcher and Sharon Bratcher were not purchasers in good faith, notwithstanding the fact that their warranty deed was recorded first in time, because good faith implies absence of information which renders the transactions unconscientious.

"Although Lyle D. Bratcher, who handled the transaction for himself and his wife, claims that he purchased said premises in reliance upon the public records of McKenzie County, the undisputed facts, supported by his admissions, show that he not only had constructive notice, but actual knowledge, of the rights of the Gajewskis as occupants of said premises; that he made no inquiry of either of the Gajewskis with respect to their right or title, but that he acted with the obvious intent to defeat and divest them of their title, to deprive them of their right of possession and to unjustly gain the benefits of the improvements that the Gajewskis had made thereon."

4

"Champerty is the criminal act of taking a deed to land where the grantor has not been in possession thereof nor taken the rents or profits therefrom for a period of more than one year.

"The North Dakota Supreme Court has adjudged that Lyle D. and Sharon Bratcher's deed to the land in question was champertous and void.

"You are instructed that the recording of that deed by Bratchers slandered the fee simple title held by Loren R. and Mervin A. Gajewski. It is therefor your duty to confine your deliberations to the amount of damages incurred thereby by

Gajewskis, who allege that their title to said land was damaged to an amount of at least two thousand Dollars ($2,000.00)."

### 6

"An act is 'wantonly' done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

"The plaintiffs, Loren R. Gajewski owned and farmed the land in question since 1961. The defendant Lyle D. Bratcher bought a void deed to that land with the obvious intent to defeat and divest the plaintiffs of their title, to deprive them of their right of possession and to unjustly gain the benefits of the improvements that the plaintiffs had made thereon.

"Such 'wanton' conduct on the part of said defendant is sufficient ground for you to find that the plaintiffs Gajewski are entitled to punitive damages, and which they allege that they are entitled to in the amount of at least five thousand Dollars ($5,000.00)."

The Gajewskis also assert that the "law of the case" also required the trial court to give an instruction differentiating between "malice" and "malice at law."

In this instance we do not believe the law of the case doctrine is applicable to the requested jury instructions because different issues were involved in *Gajewski* I and the instant case. *Gajewski* I involved the determination of the owner of the parcel of land. Any statements made in our resolution of that issue are not necessarily binding on the remaining causes of action. Because the requested instructions 1, 4 and 6 were taken from *Gajewski* I in which a different issue was resolved, we do not believe it was error for the trial court to refuse to give those instructions in the trial of the remaining four causes of action.

The Gajewskis' requested instructions 2, 3, and 7 were addressed to the cause of action dealing with slander of person and provide as follows:

### 2

"Charging any person with crime constitutes slander per se. Stealing is a criminal act. For one person to tell another person that a third party is a 'thief' or to accuse him of stealing slanders that third party.

"If you find by a fair preponderance of evidence that the defendants Lyle D. Bratcher, Sharon Bratcher, Edward Bratcher, or any of them, so slandered the plaintiffs Loren R. Gajewski and Mervin A. Gajewski or either of them, you are then charged with finding the amount of damage done in terms of United States Dollars.

"The plaintiffs Gajewski allege that they have suffered damage to their persons, reputations and business by at least twenty thousand dollars ($20,000.00)"

### 3

"To charge a person with being a thief is slanderous per se, if not true, and a slandered person is entitled to recover damages therefor.

"These damages to a persons reputation, although they may not be capable of objective measurement in actual dollars and cents, nevertheless, they are not speculative. They are capable of being reduced to money values by reason of the laws presumption that an injury done to a person's feelings, the public shame and disgrace incurred, and the degradation of his reputation is a substantial loss."

### 7

"A statement or statements regarding the title to real property which contains imputations on the character or reputation of the claimant may be held to be 'slanderous' if it causes him injury.

"The term 'slander' is commonly employed to describe words or conduct which bring, or tend to bring in question the right or title of another to particular property, as distinguished from the disparagement of the property itself.

"A statement to the effect that a real property owner did not own such proper-

ty, but instead only had loaned money on it and that the deed held by such owner was in fact only a mortgage or security instrument, slanders both the title and the owner thereof."

The district court gave the following instruction concerning slander of person:

"Every person, subject to the qualifications and restrictions provided by law, has the right of protection from defamation. In this lawsuit, Gajewski claims he was defamed by Bratcher by means of slander.

" 'Slander' is a false and unprivileged publication which tends directly to injure a person in respect to his office, profession, trade or business, either by imputing to him general lack of qualifications which the occupation peculiarly requires, or by imputing something with reference to his office, profession, trade or business that has a natural tendency to lessen its profits.

" 'Slander' may also be defined as a false and unprivileged publication which by natural consequence causes actual damage.

" 'Publication' means the defamatory matter is communicated to a third person.

"The publication must be unprivileged. A privileged communication is not slander. A 'privileged' communication is one made, in a communication without malice, to a person interested therein by one who also is interested in the subject matter of that communication.

"In order to prove the essential elements of plaintiff's claim of Slander (as employed herein) the burden is on the plaintiff to establish, by the greater weight of the evidence in the case, the following facts:

1. That Bratcher published a false statement about Gajewski.

2. That Bratcher published an unprivileged statement about Gajewski.

3. That the statement (i) tended directly to injure Gajewski with respect to his business or (ii) by natural consequence caused actual damage."

We believe this instruction, when read as a whole, outlines the slander of person issue fairly and correctly. Accordingly, we do not believe it was error for the trial court to refuse to give the instruction specifically requested by the Gajewskis.

Instruction 5 which was requested by the Gajewskis deals with trespass to land and provides as follows:

### 5

"The trespassing upon and causing prospect holes to be drilled on land owned by another constitutes an actionable cause for damages.

"If you find by a fair preponderance of evidence that the defendants Bratcher, or any of them either did or were the proximate cause of such trespass and damage to that certain parcel of real property owned by the Plaintiffs Gajewski, you are then charged with finding the true amount of such damage done. The plaintiffs Gajewski allege that they were so damaged by at least two thousand Dollars ($2,000.00)."

The district court gave the following instruction concerning trespass to land:

"An unauthorized entry on another's property is a trespass, and any person who makes such an entry is a trespasser.

"Any entry on land in the peaceable possession of another is deemed a trespass, without regard to the amount of force used or the extent of damages, if any.

"The intent with which an act is done is not a test of liability in trespass; therefore, a mistake of law or fact, or absence of bad faith, on the part of a defendant will not excuse a trespass.

"In this lawsuit in order to prove the essential elements of trespass, the burden is on the plaintiff to establish, by the greater weight of the evidence in the case, the following facts:

1. That there was an entry upon the land of Gajewski.

2. That the entry was by Bratcher or caused by him.

3. That the entry was unauthorized under the circumstances existing at that time."

We believe this instruction outlines the trespass to land issue fairly and correctly, and we do not believe it was error for the district court to refuse to give the instruction requested by the Gajewskis on this issue.

The next issue raised by the Gajewskis is that the constitutional right to a trial by jury was denied when the trial court denied Mervin Gajewski the right to cross-examine Lyle Bratcher. Prior to this denial Loren Gajewski had been conducting the cross-examination of Lyle Bratcher.

Rule VII(e)(1), North Dakota District Court Rules [2] provided as follows:

"One Counsel Per Side. Not more than one counsel on the same side shall be allowed to argue any question to Court or jury, without permission of the Court; and only one counsel shall be allowed to examine or cross-examine the same witness without leave of the Court."

Matters pertaining to cross-examination of witnesses are within the sound discretion of the trial court. *North American Pump Corporation v. Clay Equipment Corporation*, 199 N.W.2d 888 (N.D.1972); *Killmer v. Duchscherer*, 72 N.W.2d 650 (N.D.1955); *Mevorah v. Goodman*, 79 N.D. 443, 57 N.W.2d 600 (1953).

■ In this instance we do not believe the trial court abused its discretion in denying Mervin Gajewski the opportunity to cross-examine Lyle Bratcher. The record reflects that Mervin Gajewski was able to confer with Loren and have his questions asked by Loren. Loren and Mervin did not have separate and distinct interests in this lawsuit. Rather, their interests were similar. Furthermore, the Gajewskis have not shown the trial court's action in any way prejudiced their case, and we cannot conclude that the trial court abused its discretion.

■ The last issue raised by the Gajewskis is that the trial court erred in denying their motion for a new trial. The Ga-jewskis' motion for a new trial was based upon the same issues as the present appeal.

An order denying a new trial will not be overturned unless there was a manifest abuse of discretion. *Stee v. "L" Monte Industries, Inc.*, 247 N.W.2d 641 (N.D.1976).

Because we have concluded the Gajewskis cannot prevail on any of the issues raised on this appeal, we must also conclude that the trial court did not abuse its discretion in denying the Gajewskis' motion for a new trial.

The judgment of the district court is affirmed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.

---

**2.** This rule was amended by substituting "party" for "side" and placed under Rule 10.1,