(829 P.2d 922)

No. 67,195

WILLIAM T. NOON, *Appellant*, v. CAROL K. SMITH, *Appellee*.

Opinion filed April 10, 1992.

*Steven M. Dickson*, of Dickson & Pope, P.A., of Topeka, for appellant.

*Thomas D. Billam*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellee.

Before BRAZIL, P.J., LARSON, J., and RICHARD B. WALKER, District Judge, assigned.

BRAZIL, J.: William T. Noon appeals the trial court's denial of his motion for a new trial following a verdict favorable to the defendant in a negligence lawsuit. We reverse and remand for a new trial.

Upon finding that a journal entry of judgment had not been filed following the jury verdict, this court, on its own motion, questioned its jurisdiction to entertain a premature appeal. The

parties were given seven days following oral argument in which to respond.

We have verified that the journal entry was filed on March 17, 1992, and conclude that we have jurisdiction to consider this appeal based on Noon's timely, though prematurely filed, notice of appeal. *Uhock v. Sleitweiler*, 13 Kan. App. 2d 621, 778 P.2d 359 (1988); *Denno v. Denno*, 12 Kan. App. 2d 499, 500, 749 P.2d 46 (1988).

This action arises from a vehicular accident involving vehicles operated by Noon, Carol K. Smith, and John D. Taylor, Jr. The vehicle driven by Smith struck the vehicle driven by Taylor, causing Taylor's car to strike Noon's car.

Noon filed suit naming Taylor and Smith as defendants, alleging their negligence and claiming both pecuniary and nonpecuniary damages. Taylor was later dismissed from the lawsuit.

Prior to trial, Smith admitted she was 100 percent at fault, and the case proceeded to a jury trial on the issue of what, if any, injuries Noon had suffered and what damages he should be awarded. After presentation of the evidence, the trial judge gave the jury its instructions and a verdict form. The relevant part of the verdict form read as follows:

"We, the jury, present the following answers to questions submitted by the Court:

"1. Do you find that the Plaintiff, William T. Noon, sustained a permanent injury in the automobile accident of July 20, 1989?

Yes _____ No _____

"2. Do you find that the Plaintiff, William T. Noon, sustained an injury in the accident of July 20, 1989 requiring medical treatment having a reasonable value of $2,000.00 or more?

Yes _____ No _____

"If you answered both questions 1 and 2 with a 'No', the verdict is complete and the Verdict Form should be signed by the jury floor [*sic*] person and returned to the Court. If you answered either question 1 or question 2 with a 'Yes,' you must answer questions 3 and 4.

"3. What damages do you find were sustained by William T. Noon?

    A. Noneconomic loss to date        $_____
    B. Future noneconomic loss        $_____
    C. Medical expenses to date       $_____
    D. Future medical expenses       $_____
    E. Economic loss to date          $_____
    F. Future economic loss           $_____

TOTAL DAMAGES
(add A through F)          $_____

"4. Our finding of monetary damages for noneconomic loss stated in paragraph 3A includes $_____ for pain and suffering."

Eleven members of the jury agreed in answering both questions one and two with a "no." Following the instructions of the verdict form, the jury did not go on to answer questions three and four concerning damages. The court, upon receiving the jury's verdict, treated it as a final judgment favoring Smith and awarded no damages to Noon. Noon's motion for new trial was denied, and this appeal followed.

Noon contends that the court's instructions to the jury in the verdict form were erroneous and that the trial court should, therefore, have granted his motion for a new trial. The district court, in denying the motion, found there "was no clear error, and that plaintiff's counsel had waived any objections by failing, on two occasions, to object to the verdict form."

K.S.A. 60-251(b) states, in relevant part:

"No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he or she objects and the grounds of his or her objection unless the instruction is clearly erroneous."

Noon does not deny that he failed to object to the verdict form prior to entry of the jury's verdict. There is reversible error, then, only if the instructions were clearly erroneous. K.S.A. 60-251(b).

"An instruction is clearly erroneous when the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility that the jury would have returned a different verdict, [Citation omitted.]

"Error cannot be predicated on the trial court's refusal to give an instruction when its substance is adequately covered in other instructions. [Citations omitted.]

"Instructions are to be considered together and read as a whole, without isolating any one instruction. If jury instructions properly and fairly state the law as applied to the facts in the case when considered as a whole, and if the jury could not reasonably be misled by them, the instructions should be approved on appeal." Powers v. Kansas Power & Light Co., 234 Kan. 89, 92, 671 P.2d 491 (1983).

A notation at the end of the verdict form indicates that its language was taken from PIK Civ. 2d 20.03 (1990 Supp.). Only

questions three and four, however, are taken from the PIK cited. Questions one and two were apparently intended to address the question of whether the plaintiff had met the threshold requirements of K.S.A. 1991 Supp. 40-3117.

K.S.A. 1991 Supp. 40-3117 is a section of the Kansas Automobile Injury Reparations Act, commonly known as the Kansas No Fault Insurance Act. The statute sets forth certain threshold conditions that must be met before a plaintiff in a tort action can collect damages against another motorist for pain, suffering, mental anguish, inconvenience, and other nonpecuniary loss.

"In any action for tort brought against the owner, operator or occupant of a motor vehicle or against any person legally responsible for the acts or omissions of such owner, operator or occupant, a plaintiff may recover damages in tort for pain, suffering, mental anguish, inconvenience and other non-pecuniary loss because of injury only in the event the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of $2,000 or more, or the injury consists in whole or in part of permanent disfigurement, a fracture to a weight-bearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of a bodily function or death." K.S.A. 1991 Supp. 40-3117.

The court's instructions to the jury contained within the verdict form were clearly erroneous. A failure to meet the threshold requirements of K.S.A. 1991 Supp. 40-3117 does not preclude an action for actual expenses and pecuniary loss resulting from a collision. *Key v. Clegg*, 4 Kan. App. 2d 267, 270, 604 P.2d 1212, *rev. denied* 227 Kan. 927 (1980). While failure to meet the threshold precludes an action or award of damages for nonpecuniary losses, if liability is established, a plaintiff can still collect for pecuniary losses such as medical expenses and lost wages. *Mayer v. Harris*, 224 Kan. 231, 232-33, 579 P.2d 715 (1978). The verdict form, by instructing the jury that the verdict was complete once it had answered questions one and two in the negative, denied the jury the opportunity to consider Noon's claims for present medical expenses of less than $2,000 and for any other pecuniary loss, including future medical expenses and lost wages. Such an instruction can only be termed clearly erroneous.

Also, the verdict form only addressed (1) whether Noon had sustained an injury in the accident requiring medical treatment

having a reasonable value of $2,000 or more, and (2) whether he had sustained a permanent injury in the accident.

K.S.A. 1991 Supp. 40-3117 sets forth eight different conditions and if any one of them is met a plaintiff may recover nonpecuniary damages:

" '[W]e find that the legislature has prohibited tort actions for pain, suffering and other nonpecuniary damages arising out of an automobile accident unless the plaintiff's injury meets one of eight criteria: it must (1) require at least $500 [now $2,000] in medical expenses; (2) result in permanent disfigurement; (3) be a fracture of a weight-bearing bone; (4) be a fracture which is compound, comminuted, displaced or compressed; (5) involve loss of a body member; (6) be permanent; (7) result in permanent loss of a bodily function; or (8) result in death.' " *Stang v. Caragianis*, 243 Kan. 249, 254-55, 757 P.2d 279 (1988).

A transcript of the trial has not been included in the record, so we cannot determine if there was evidence of injuries that would meet one or more of the other criteria. If there was such evidence, Noon might still have been eligible for damages for pain and suffering despite the jury's negative responses to questions one and two.

The verdict form was clearly erroneous in that, if the trial errors had not occurred, there is a real possibility that the jury would have returned a different verdict in the form of damages for medical expenses, lost wages, and, possibly, pain and suffering.

Reversed and remanded for a new trial on the issue of what, if any, injuries Noon has suffered and what damages he should be awarded.