**Kathie A. MOMMENS, Plaintiff,**

v.

**Leo Kelvin OTTLEY, Defendant.**

**No. 95–4049–SAC.**

United States District Court,
D. Kansas.

Oct. 25, 1996.

---

Amy C. Bixler, Alan G. Warner, Margaret A. Graham, Warner, Bixler & Associates, L.L.C., Topeka, KS, for plaintiff.

Marc A. Powell, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

Kathie Mommens brought this diversity of citizenship action against Leo Kelvin Ottley seeking damages for her personal injuries allegedly suffered during an automobile collision. During trial it was undisputed that Ottley's vehicle collided with the rear of Mommens' vehicle while she was waiting to make a left turn. Mommens claimed that Ottley's negligent driving had severely injured her back, arms and hands. Mommens sought medical expenses in the amount of $12,000, loss of consortium on behalf of her husband in the amount of $20,000, and non-economic damages for disability, pain and suffering in the amount of $250,000. Ottley denied liability, claiming that Mommens failed to properly signal that she was making the turn. Ottley also contested the nature and extent of Mommens' damages, primarily arguing that she was exaggerating the effects of the low-speed impact. During trial, Ottley introduced a "surveillance video" which cast serious doubt on the veracity of Mommens' testimony regarding the nature and extent of her injuries.

On May 16, 1996, the jury returned the following verdict:

We, the jury, duly impaneled and sworn upon our oaths, present the following answers to the questions submitted by the court:

1. Do you find any of the parties to be at fault?

Answer: Yes  X  No ____

(If your answer is "No," your deliberations are completed. The foreperson should sign the verdict and inform the bailiff that you have reached a verdict. If your answer is "Yes," proceed to questions two and three.)

2. Considering all of the fault at one hundred percent, what percentage of the total fault do you attribute to each of the following parties for causing the damages for which plaintiff seeks compensation in this case:

| | |
|---|---|
| Kathie A. Mommens | 49% |
| Leo Kelvin Ottley | 51% |
| Total | 100% |

(Answer question three only if the percentage of Kathie A. Mommens' fault is less than fifty percent of the total fault.)

3. Without considering the percentage of fault found in question two, what are the damages sustained by Kathie A. Mommens for which she seeks compensation in this case?

| | |
|---|---|
| A. Medical Expenses to date | $1,500 |
| B. Loss of Consortium on behalf of Robert Mommens | $0 |
| C. Disability, Pain and Suffering | $1,500 |
| TOTAL DAMAGES | $3,000 |

■ Because the jury did not award Mommens medical expenses of at least $2,000, under K.S.A. 40–3117 she could not recover for her disability, pain and suffering. *See Noon v. Smith,* 16 Kan.App.2d 818, 821, 829

P.2d 922 (1992) (K.S.A. 40–3117 sets forth certain threshold conditions that must be met before a plaintiff in a tort action can collect damages against another motorist for pain, suffering, mental anguish, inconvenience and other nonpecuniary loss). Both parties agreed that based upon the jury's verdict and the substantive law of Kansas, the absolute most that the plaintiff could recover (exclusive of costs) was $765 (51% × $1,500 = $765), although Ottley contended that Mommens should recover nothing under Kansas law. The court nevertheless instructed the clerk of the court to enter judgment in favor of Kathie Mommens in the amount of $765, indicating that it would entertain a post-judgment motion from Ottley concerning his contention that Mommens was entitled to nothing.

On May 31, 1996, Ottley filed a "Motion for Relief From Judgment" (Dk. 65).[1] In that motion, Ottley seeks relief under Fed. R.Civ.P. 59(e) and 60(b)(6), requesting the court to alter the judgment entered on May 16, 1996, to relieve him of all obligations under that judgment. Ottley contends that the Kansas Automobile Injury Reparations Act, in particular K.S.A. 40–3113a, precludes Mommens from obtaining a double recovery of medical expenses in this case. Ottley notes that the $765 in medical expenses has been awarded to Mommens by her own insurance carrier. Ottley contends that based upon the rulings of the Kansas Commissioner of Insurance in a March 1978 Kansas Insurance Department Bulletin 1978–3, Mommens' insurance carrier is not entitled to obtain reimbursement or subrogation from the proceeds of her judgment against him because the medical expenses did not reach the $2,000 threshold. Therefore if Ottley has to pay Mommens $765, she will receive a double recovery because the medical expenses being paid would not be reimbursed to her own insurance carrier. If the court grants Ottley the relief he requests, he contends that

Mommens would not be a prevailing party and that she would not be entitled to an award for costs under Fed.R.Civ.P. 54(d)(1).[2]

In support of his motion, Ottley has submitted an affidavit of Gus Campuzano, the claims manager for his insurance carrier, who sets forth his understanding of the operation of Kansas laws. According to Campuzano, based upon the position of the Kansas Insurance Department, it is his opinion that Mommens' insurance carrier "has no subrogation lien on the $765 judgment in this action."

Mommens responds, primarily arguing that none of the cases cited by Ottley directly support the relief he requests. Although portions of his motion are supported by Kansas case law, no case specifically supports granting the relief sought. Mommens argues that "[t]he most obvious argument against Defendant's proposition is the simple fact that in all of the cases which Defendant cites, the issue was raised solely and exclusively between *the plaintiff and the plaintiff's own insurance carrier*. At no point did these cases indicate that this aspect of the contractual relationship of reimbursement/subrogation extends (or should extend) outside the contract to the *wrongdoer*." Mommens contends that the "Kansas courts have interpreted K.S.A. 40–3113a to mean that the statutory provisions for subrogation (of PIP benefits paid) are intended to prevent double recovery as it relates to *the plaintiff and plaintiff's own insurance carrier*. That statutory provision does not allow the *wrongdoer* (the Defendant in this case) to benefit as a result of the plaintiff's own insurance coverage." Mommens contends that it would be contrary to public policy to reward wrongdoers by penalizing injured parties for having insurance or to permit wrongdoers to recover from the fruits of their wrongdoing simply due to the existence of the plaintiff's insurance coverage.

1. Ottley has also filed an objection to plaintiff's bill of costs (Dk. 71). In that objection, Ottley contends that Mommens should be denied costs based upon the reasons set forth in his motion for relief from judgment.

2. Mommens did not contend that, nor was the jury asked whether, she had proven one of the

other conditions (aside from meeting the $2,000 medical expenses threshold) which would have enabled her to have recovered nonpecuniary damages. *See Noon,* 16 Kan.App.2d at 822, 829 P.2d 922 (K.S.A. 40–3117 sets forth eight different conditions and if any one of them is met a plaintiff may recover nonpecuniary loss).

### Analysis

■ The Kansas Court of Appeals recently discussed the operation of K.S.A. 40–3113a:

Under K.S.A. 40–3113a, injured parties have looked to their own insurance company for payment of PIP benefits. *See Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.,* 227 Kan. 533, 536, 608 P.2d 923 (1980). The more typical coverage envisioned by K.S.A. 40–3113a is a situation where the injured party's insurance company has paid PIP benefits to the injured party, and the injured party later recovers against the tortfeasor. K.S.A. 40–3113a(b) gives the insurer a right of subrogation and a lien to the extent that the injured party's recovery against the tortfeasor is duplicative of the PIP benefits paid. " 'The purpose of K.S.A. 40–3113a(b) is to prevent double recovery.' [Citation omitted.]" *Bardwell v. Kester,* 15 Kan.App.2d 679, 683, 815 P.2d 120 (1991).

*Jackson v. Browning,* 21 Kan.App.2d 845, 908 P.2d 641 (1995).

Mommens correctly observes that none of the cases cited by Ottley directly support his request for relief from judgment. Every case cited by Ottley involved a dispute between the insured and the insured's insurance company. None of the cases cited directly address the issue of whether K.S.A. 40–3113a has any effect on the obligations of a third party tortfeasor such as Ottley. Mommens' insurance carrier is not a named party to this lawsuit and whether the court should accept Ottley's invitation to wade into the shoals of these waters under the posture of this case is doubtful.

Campuzano's affidavit makes it clear that it is his belief that he has a working understanding of the insurance laws of Kansas and how they are followed by insurance companies operating in Kansas. Although Campuzano apparently deals with similar issues in other cases, noticeably absent from his affidavit is there any suggestion that the relief requested by Ottley has ever been granted by any state or federal court applying the law of Kansas, despite the fact that the Commission of Insurance issued Bulletin 1978–3 approximately eighteen years ago. More-

over, Campuzano's interpretation of Bulletin 1978–3, its interplay with K.S.A. 40–3113a and their potential impact on Ottley's obligation to Mommens is directly contradicted by a portion of Bulletin 1978–3, which states:

It is important to note that this opinion [by the Attorney General] pertains solely to an insurer's right to bring an independent subrogation action for the recovery of its PIP payments. The Attorney General's opinion does not affect the rights an injured person has against a tortfeasor.

Although no Kansas appellate court has apparently addressed the precise issue raised by Ottley, the Kansas Court of Appeals has stated:

A failure to meet the threshold requirements of K.S.A.1991 Supp. 40–3117 does not preclude an action for actual expenses and pecuniary loss resulting from a collision. *Key v. Clegg,* 4 Kan.App.2d 267, 270, 604 P.2d 1212, *rev. denied,* 227 Kan. 927 (1980). While failure to meet the threshold precludes an action or award of damages for nonpecuniary losses, if liability is established, a plaintiff can still collect for pecuniary losses such as medical expenses and lost wages. *Mayer v. Harris,* 224 Kan. 231, 232–33, 579 P.2d 715 (1978).

*Noon v. Smith,* 16 Kan.App.2d 818, 821, 829 P.2d 922 (1992).

Frankly, the court doubts that the Kansas legislature intended to allow a tortfeasor such as Ottley to benefit from the double recovery bar he cites and to use that shield to deny Mommens the meager victory she obtained. While it is conceivable that Mommens may ultimately enjoy a double recovery of $765, the court does not believe that possibility serves as a basis to set aside the judgment against Ottley.

IT IS THEREFORE ORDERED that Ottley's "Motion for Relief From Judgment" (Dk. 65) is denied.

IT IS FURTHER ORDERED that Ottley's objection to plaintiff's bill of costs (Dk. 71) is overruled.